HERMAN TILLMAN, ADMINISTRATOR, ESTATE OF WALTER TILLMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HERMAN TILLMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11126, 11127. Promulgated January 19, 1928.

*A. B. Peterson, Esq.,* for the petitioner.
*S. S. Faulkner, Esq.,* for the respondent.

OPINION.

PHILLIPS: The third assignment of error was raised only in the proceeding instituted by Herman Tillman. It was waived at the hearing and no evidence was submitted in support of it. The determination of the respondent is, therefore, sustained as to this issue.

In the first and second assignments of error petitioners contend that they are entitled to return installment sales in the year 1920 on an installment basis, and that the respondent erred in not considering the amended return filed on that basis in 1921 for the calendar year 1920.

Section 1208 of the Revenue Act of 1926 provides that the provisions of subdivision (d) of section 212 of said Act shall be retroactively applied in computing income under the provisions of the Revenue Acts of 1916, 1917, 1918, 1921, and 1924, or any of such Acts as amended. Section 212(d) provides in part as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price.

It is clear that the partnership of Tillman Brothers regularly sold or disposed of personal property on the installment plan during the taxable year, and is entitled to return as income in 1920 that proportion of the installment payments actually received in that year which the total profits realized or to be realized when the payment is completed, bears to the total contract price, if their books of account contain adequate information, and were kept so that income can be accurately computed on the installment basis in accordance with the provisions of section 212(d) of the Revenue Act of 1926. In *Appeal of Blum's, Incorporated,* 7 B. T. A. 737, we had occasion to consider the application of the statute and some of the accounting problems which must be met before it can be said that the income is computed as directed by the statutes.

It is incumbent upon one seeking the benefit of the statute to establish, among other things, what portion of the payments received

during the taxable year is profits from installment sales and what portion represents a return of the cost of the goods sold. This the petitioners have failed to do, and it is admitted that this information can not be obtained from the books of account of the partnership. There was no segregation in the partnership books of account of the cost of goods sold on the installment plan from goods sold at wholesale, for cash, or on account, and the petitioners are unable to establish the total profits realized or to be realized from installment sales upon which payments were made during the taxable year. Unlike *Appeal of Blum's, Incorporated, supra*, the installment sales of this partnership were more or less incidental. Petitioner's principal business was at wholesale. Of sales of $829,072.91 in 1920, only $50,588.66 were on the installment basis. It was estimated by a witness that on installment sales, 50 per cent of the sales price represented profit and 50 per cent cost of the goods sold. Petitioners ask that we compute their income upon this estimate. We see no basis on which we might justify a computation of income based upon an estimate when the income can be accurately determined upon the basis on which the accounts are kept. Furthermore, we are not satisfied that the estimate made is substantially correct. It is based upon the premise that goods sold on the installment sales basis were sold at double their cost and the conclusion is then reached that one half of all amounts collected represents gross profit. Even if the premise is correct, the conclusion does not follow, since the repossession of the goods sold or the loss of the account and of the goods may substantially affect the profit which would normally result if the sale were carried through. Under the statute consideration must be given to the total profit realized as well as to the anticipated profit.

Petitioners have attempted to return on the installment sales basis only taxable income derived from the installment sales made in the taxable year, without taking into consideration income from sales made in prior years. This they may not do. *Appeal of Blum's, Incorporated*, 7 B. T. A. 737; *Warren Reilly* v. *Commissioner*, 7 B. T. A. 1327; *Mayer & Co.* v. *Commissioner*, 9 B. T. A. 815. Not only must they consider income actually received during the year from installment sales made in prior years, but they must determine the net profit from sales made in prior years which is realized in the taxable year. The system of accounting employed does not contain the information necessary to permit this to be done.

*Decision will be entered for the respondent.*