GENESIS OIL & GAS, LTD. G & W PETROLEUM CORPORATION, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19685-87.          Filed November 6, 1989.

*Martin L. Gelfand,* for the petitioner.
*Ronald M. Rosen,* for the respondent.

### OPINION

GERBER, *Judge:* This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code[1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, *Special Trial Judge:* Petitioner filed a petition with this Court on June 23, 1987, seeking a redetermination

---

[1]All section references are to the Internal Revenue Code of 1986 as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.

of the adjustments made by respondent in a Notice of Final Partnership Administrative Adjustment (FPAA) for the taxable year ending December 31, 1982. On November 3, 1988, respondent filed a motion to dismiss this matter for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner filed a cross-motion to dismiss for lack of jurisdiction on December 30, 1988, alleging that the FPAA was invalid, having been issued beyond the expiration of the statute of limitations period. A hearing on the cross-motions was held on February 6, 1989, at which time a stipulation of facts was received, along with respondent's brief. Petitioner's brief in response and respondent's reply brief thereto were subsequently submitted.

The operative facts are relatively simple. Respondent mailed the FPAA to the Tax Matters Partner (TMP) of the partnership for the 1982 tax year on November 17, 1986, (hereinafter sometimes called petitioner). It is not disputed that the FPAA was mailed to petitioner's "last known address." The petition for readjustment of partnership items was filed by petitioner on June 23, 1987, 218 days after the mailing of the FPAA.

Initially, petitioner argued that the partnership was not formed for Federal income tax purposes subsequent to September 3, 1982, and therefore was not subject to the audit and litigation partnership procedures set forth in sections 6221 et seq. However, this position was abandoned in petitioner's brief. Accordingly, we will not make findings of fact with regard to that issue.

Section 6226(a) provides that a petition may be filed by the TMP within 90 days from the mailing of the FPAA. In addition, section 6226(b) permits any "notice partner" to file a petition within 60 days after the close of the initial 90 days, in the event the TMP does not file a petition. Thus, there are 150 days available within which to file a petition to contest respondent's determination on behalf of the partners in a partnership. The petition herein, filed 218 days after the mailing of the FPAA, was well after the filing deadlines provided in section 6226(a) and (b). Accordingly, it would appear that we do not have jurisdiction and respondent's motion should be granted.

However, petitioner argues that the FPAA was invalid because it was issued beyond the statute of limitations period. We have jurisdiction to determine the validity of the FPAA. See and compare *Shelton v. Commissioner*, 63 T.C. 193, 197-198 (1974). If the FPAA was valid, the petition is untimely and assessments made as to all of the partners as a result of an unchallenged FPAA may not be disturbed. On the other hand, if the FPAA is not valid, then we have no jurisdiction to consider any adjustments. In such event, respondent may not assess a deficiency in tax, under normal circumstances, until he has issued a valid FPAA. See and compare *Shelton v. Commissioner*, 63 T.C. at 195.

If this case involved a notice of deficiency issued under the provisions of section 6212, it is well established that the issuance of a notice of deficiency beyond the statute of limitations period does not effect its validity. The statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court. *Robinson v. Commissioner*, 57 T.C. 735, 737 (1972). In other words, in order to determine whether respondent's actions were barred by the statute of limitations (which is a determination on the merits of the case) we must first have jurisdiction over the parties and subject matter in the case. *Abeles v. Commissioner*, 91 T.C. 1019, 1039 (1988); *Wisniewski v. Commissioner*, T.C. Memo. 1989-60.

The issue of the statute of limitations on assessment under section 6501 is an affirmative defense (to be pleaded affirmatively by the taxpayer) and is not a jurisdictional prerequisite under section 6213. This rule is logical. To hold otherwise would permit anomalous results. A taxpayer with a statute of limitations defense would be able to file a petition with this Court at any time to contest the statute of limitations issue. Such open-ended procedures would appear to be contrary to the intent of Congress and the statutory provisions limiting the time within which this Court may acquire jurisdiction to consider the merits of a determination by respondent. As respondent points out, the statute of limitations is a defense that may be waived, and a claim (and decision) that the statute of limitations has run does not deprive the Court of jurisdiction. *Tapper v. Commissioner*, 766 F.2d 401, 403 (9th Cir. 1985), affg. per

curiam an order of this Court. On the other hand, parties may not waive the statutory mandates in order to give the Court jurisdiction.

Petitioner, however, argues that the cases involving notices of deficiency should not be considered appropriate precedent because the statutory structure for partnership litigation is different, requiring different concepts and results.

In support of its argument, petitioner suggests that we give jurisdictional provisions of the statutes a broad, practical construction, rather than a narrow, technical meaning. See, for example, *Lewy v. Commissioner*, 68 T.C. 779, 781-782 (1977). "We * * * interpret the statute (section 6213(a)) with a view towards the strong policy * * * of preserving a prepayment hearing wherever possible." *Levy v. Commissioner*, 76 T.C. 228, 232 (1981). Most of the cases cited by petitioner in this regard involved questions of the interpretation of the phrase "addressed to a person outside the United States" appearing in section 6213(a). Several of the other cases cited by petitioner involved the statutory phrase "last known address," e.g., *Brown v. Commissioner*, 78 T.C. 215 (1982); *Shelton v. Commissioner, supra.*

It is well established that this Court is one of limited jurisdiction. Our jurisdiction is created by statute and we cannot expand that jurisdiction. *Axe v. Commissioner*, 58 T.C. 256, 259 (1972). However, where a statute is capable of more than one interpretation, we will construe it with a view toward finding jurisdiction, as opposed to declining jurisdiction. Such statutory construction principles, however, are of no avail to petitioner. Petitioner has not directed our attention to any statutes with alternative interpretations. Congress has provided for limited access to the courts to raise any and all questions pertaining to a partnership action within the 90 days after mailing of the FPAA to the TMP, plus a 60-day period for any notice partner. As long as the FPAA was issued in accordance with sections 6223(a)(2) and 6223(d)(2), Congress determined that 150 days in total was sufficient to protect redetermination rights of the TMP and any notice partner. Such rights include raising the question of the timeliness of the FPAA. Since neither the TMP nor any notice partner filed a timely

petition, they have lost their right to contest, in any court, respondent's determinations in the FPAA.

Nevertheless, petitioner argues that, unlike notice of deficiency situations, a partner, having failed to obtain jurisdiction timely from the mailing of an FPAA, cannot "pay the tax and go the refund route," for in partnership litigation matters there is no refund route. Be that as it may, that is the procedure which the Congress has created, and we have no authority to rewrite the statute in order to change procedure and substitute our own idea of "fairness." If there is any such inequity, it is up to Congress to revise the law. As stated, this Court cannot expand the explicit statutory authority to acquire jurisdiction.

As a final matter, petitioner argues that portions of section 6228 specifically provide that the timeliness of the FPAA is relevant to our jurisdiction.

Sections 6227 and 6228 deal with Administrative Adjustment Requests (AAR's). An AAR is similar in some respects to a claim for refund. Generally, a partner may file an AAR with respect to partnership items for a partnership's taxable year within 3 years after the partnership return was filed and before the mailing of an FPAA to the TMP for such taxable year. Sec. 6227(a). When the TMP or any other partner files an AAR, respondent may commence a partnership proceeding under section 6223, agree with AAR, or take no action. Sec. 6227(b) and (c).

Section 6228 governs judicial review where the AAR is not allowed in full. Generally, the TMP may file a petition for adjustment in this Court, the appropriate District Court or the Claims Court after the expiration of 6 months from the date of filing of the AAR and within 2 years of such filing with respect to any part of the requested adjustment not allowed. Sec. 6228(a)(2)(A). Such petition, however, may not be filed after a notice of the commencement of a partnership administrative proceeding (Section 6223(a)(1)) is mailed to the partnership. Sec. 6228(a)(2)(B). However, if the notice of the commencement of partnership proceedings is mailed within the 2-year period within which judicial review could have been requested from the AAR, and respondent fails to mail the FPAA within the statute of limitations period, the TMP has an additional 6 months after the expiration of the

statute of limitations period within which to file a petition with regard to the denial of an AAR. Sec. 6228(a)(2)(C). Thus, the timeliness of an FPAA may affect the time within which an action under section 6228 is commenced.

No petition for adjustment with respect to an AAR may be filed after a notice of an FPAA has been mailed by respondent. Sec. 6228(a)(3)(A). If a petition for adjustment has been filed and a *timely* FPAA is mailed prior to the hearing, the section 6228 proceeding then will be treated as a proceeding brought under section 6226 with respect to an FPAA. Sec. 6228(a)(3)(B) and (C). (Similar provisions apply to partners other than the TMP. See generally, sec. 6228(b).) The timeliness of an FPAA in this factual setting also may have jurisdictional implications.

The difference between actions brought under sections 6226 and 6228 can be seen by comparing sections 6226(f) and 6228(a)(5). Under the former, a court has jurisdiction to determine all partnership items of the partnership taxable year to which the FPAA relates and the proper allocation of such items among the partners. Under section 6228(a)(5) a court has jurisdiction to determine only those partnership items to which part of the AAR was not allowed, plus those partnership items asserted as offsets to the adjustments requested by the TMP.

Nevertheless, the jurisdictional aspects involving section 6228 are not relevant to this case. This case does not involve an AAR, and therefore section 6228, directly or indirectly, does not determine our jurisdiction under section 6226. Therefore, we will leave for another day jurisdictional questions following a denial from an AAR.

In this case, our jurisdiction is determined by section 6226, which requires, as relevant herein, a petition by the TMP within 90 days from the mailing of the FPAA. This was not done. We hold that the petition was untimely and we lack jurisdiction. Respondent's motion will be granted.

*An order of dismissal will be entered.*