TEMPEST ASSOCIATES, LTD., FUTURE INVESTORS, I, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

TEMPEST ASSOCIATES, LTD., BENJAMIN A. VASSALLO, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 13298-88, 9795-89.     Filed June 4, 1990.

*Leslie S. Klinger* and *Abraham Gutwin,* for the petitioners.

*Cheryl B. Harris* and *Henry S. Schneiderman,* for the respondent.

## OPINION

RUWE, *Judge:* These cases were assigned to Special Trial Judge Carleton D. Powell pursuant to section 7443A(b)(4) and Rule 180 et seq.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

---

[1] All section references are to the Internal Revenue Code of 1954 unless otherwise stated. Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, *Special Trial Judge:* These cases have been consolidated by the Court sua sponte, and they are before the Court on: (1) Petitioner's motion for leave to amend petition, filed June 2, 1989, in docket No. 13298-88, and (2) respondent's motion to dismiss for lack of jurisdiction, filed July 17, 1989, in docket No. 9795-89. The facts are not in dispute and may be summarized as follows.

Benjamin A. Vassallo, prior to February 10, 1987, was the sole general partner and the tax matters partner of Tempest Associates, Ltd. (Tempest), a partnership subject to the so-called TEFRA partnership provisions contained in sections 6221 et seq. Tempest is a California limited partnership, and its principal place of business is Reno, Nevada. On February 10, 1987, Mr. Vassallo filed a petition in bankruptcy. Subsequent to Mr. Vassallo's bankruptcy, Tempest did not designate another tax matters partner, and respondent did not select another tax matters partner.

On February 1, 1988, respondent mailed a notice of Final Partnership Administrative Adjustment (FPAA) for the taxable years 1983, 1984, and 1985. The FPAA was addressed to the Tax Matters Partner, Tempest Associates, 1043 Stuart St. # 1, P.O. Box 727, Lafayette, CA 94549. Shortly thereafter, respondent mailed notices for each separate year[2] to, inter alia, Future Investors I (Investors), a notice partner under the provisions of sections 6231(a)(8) and 6223(a). Neither Investors nor Tempest disputes that these notices were received.

On March 4, 1988, Investors filed a petition with this Court, as a partner other than the tax matters partner, contesting respondent's determination with respect to the 1985 taxable year. A copy of the FPAA sent to Investors for the 1985 taxable year was attached to the petition. That case was at docket No. 4201-88. On May 3, 1988, respondent moved to dismiss the petition on the ground that it was filed within the 90-day period within which only the tax matters partner may file. See section 6226(a). The case at

---

[2]The reason that separate notices were sent is not in the record. It appears, however, that some of the partners in the earliest year were not partners in subsequent years. The reason for the separate notices may have been dictated by the privacy provisions contained in sec. 6103.

docket No. 4201-88 was dismissed for lack of jurisdiction on June 29, 1988.

*Docket No. 13298-88*

On June 10, 1988, Investors filed another petition, as a partner other than the tax matters partner. That petition again only contested the 1985 partnership adjustments, and only the 1985 FPAA was attached to the petition. This is the case at docket No. 13298-88. Respondent filed an answer on June 29, 1988.

On June 2, 1989, Investors filed a motion for leave to amend the petition. The motion seeks to amend the petition to include the adjustments made to the 1983 and 1984 taxable years. In addition to the facts stated above, the motion alleges, inter alia: that Tempest originally had two general partners—Mr. Vassallo and Lianne Kent; that Ms. Kent had withdrawn from the partnership prior to October 6, 1986; that, at the time the FPAA was issued, respondent was aware that Ms. Kent had withdrawn from the partnership and that Mr. Vassallo was in bankruptcy and, therefore, no longer could be the tax matters partner of Tempest; and that when the petition was filed "petitioner's counsel was not aware that a FPAA had been issued with respect to the Partnership's 1983 and 1984 tax years."

Respondent objects to the motion for leave to amend on the ground that the proposed amendment would bring before the Court taxable years over which the Court has no jurisdiction.

*Docket No. 9795-89*

Mr. Vassallo's bankruptcy proceedings terminated on April 4, 1989. On May 12, 1989, a petition was filed that is styled "Tempest Associates, Ltd., Benjamin A. Vassallo, Tax Matters Partner." This is the case that is at docket No. 9795-89. The petition seeks review by the Court of the FPAA issued to Tempest for the taxable years 1983, 1984, and 1985. Relevant here, the petition alleges that there was no designated tax matters partner of Tempest between February 10, 1987, and April 4, 1989, the period within which Mr. Vassallo was in bankruptcy and, "Therefore, the instant petition for readjustment of partnership items is

timely filed within the period specified in Code Section 6226(a)." On July 17, 1989, respondent filed a motion to dismiss for lack of jurisdiction on the grounds that the petition is untimely and that Mr. Vassallo is an improper party.

OPINION

*Docket No. 13298-88*

In this case, petitioner contends primarily that it should be allowed to amend the original petition, which only contested respondent's adjustment for the 1985 taxable year, to include the adjustments made with respect to the 1983 and 1984 taxable years. Rule 41(a) provides that, while leave to file an amended pleading shall be freely given when justice so requires, "No amendment shall be allowed after the expiration of time for filing a petition * * * which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition then on file." The question, therefore, is whether the amended petition lodged with the Court would confer jurisdiction over new matters if it were filed.

Section 6223(a) provides that a copy of the FPAA shall be mailed to each partner whose name and address is furnished to the Secretary. Under the provisions of section 6226(a), within 90 days of the mailing of the FPAA to the tax matters partner, only the tax matters partner may file a petition for a readjustment of the partnership items. If the tax matters partner does not file a petition within that 90-day period, any so-called notice partner may file a petition within the next 60 days. Sec. 6226(b). These time limits are jurisdictional and, if a petition is untimely, it must be dismissed. *Seneca, Ltd. v. Commissioner*, 92 T.C. 363, 365 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990).

In this case the tax matters partner did not file within the 90-day period; Investors, a notice partner, however, did file within that period contesting respondent's determination with respect to the 1985 taxable year. That petition was dismissed, and, subsequently, Investors filed another petition within the 60-day period that again only raised the 1985 adjustments. The motion for leave to amend that

petition and to raise the 1983 and 1984 taxable years was filed on June 2, 1989, long after the 60-day period had expired.

We have consistently held that, when an amendment to a petition, filed after the time limits contained in section 6213(a), attempts to bring before the Court other years that were not before the Court in the original petition, the Court is without jurisdiction to consider the other years. E.g., *O'Neil v. Commissioner*, 66 T.C. 105 (1976); Rule 41(a). Section 6213(a) governs the time limits for filing petitions by non-TEFRA petitioners and in this regard stands in pari materia to section 6226. We find no justification for applying a different rule to petitions filed under section 6226. As we have frequently stated, this Court's jurisdiction is limited to that which is conferred by Congress. Congress enacted section 6226 which sets specific time limits within which the tax matters partner and a partner other than the tax matters partner may file a petition for review of respondent's determinations. And, as with the limits contained in section 6213(a), a party cannot deviate from those time limits. See *Seneca, Ltd. v. Commissioner, supra*. Petitioner argues that, since the issues are the same for all years, the proffered amended petition does not seek to expand the Court's jurisdiction. For our purposes here, we are willing to assume that the issues are the same for all years. But, even if this were true, our jurisdiction rests on the tax year in dispute and not on the substantive tax issues in dispute. As we stated in *O'Neil v. Commissioner*, 66 T.C. at 108:

"Each year is the origin of a new liability and of a separate cause of action." *Commissioner v. Sunnen*, 333 U.S. 591, 598 (1948). The fact that separate taxable years are contained in one notice of deficiency does not mean that each of such years is automatically raised by filing a petition contesting some of such years. See *Miami Valley Coated Paper Co. v. Commissioner, supra* [211 F. 2d 442 (6th Cir. 1954)]; *Citizens Mutual Investment Association, supra* [46 B.T.A. 48 (1942)]; *John R. Thompson Co., supra* [10 B.T.A. 5 (1928)]. The terms of the petition must be examined to ascertain which of the years has been put in issue by an indication that the [respondent's] determination for that year is disputed.

In *O'Neil*, the notice of deficiency attached to the petition raised another year that the petition did not address. Nonetheless, the Court was without jurisdiction to consider

the other year that was not raised by the petition. Here, the FPAA attached to the petition pertained only to 1985. The petition is completely devoid of any references to the taxable years 1983 and 1984, and counsel who drafted the petition were unaware that FPAA's had been issued for the earlier years. Thus, the facts here are substantially weaker even than those in *O'Neil.* Compare *Franks v. Commissioner,* T.C. Memo. 1986-470, affd. without published opinion 828 F.2d 23 (9th Cir. 1987).

Finally, and in the alternative, petitioner contends that we should dismiss the case on the ground that the FPAA was invalid. The genesis of this contention is that when the FPAA was mailed, respondent's agents knew that neither of the original general partners could have been the tax matters partner and, therefore, respondent should have selected a new tax matters partner. See sec. 6231(a)(7). Petitioner concludes that respondent's failure to select a tax matters partner invalidates the FPAA. We have recently rejected this contention in *Seneca, Ltd. v. Commissioner, supra.* See also *September Partners, Ltd. v. Commissioner,* T.C. Memo. 1990-33. In *Seneca, Ltd. v. Commissioner,* 92 T.C. at 368, we stated:

the function of the FPAA is to give adequate notice to affected taxpayers that respondent has made a final partnership administrative adjustment for the tax years involved. The existence of a tax matters partner at the time the FPAA was issued was not critical in this case to petitioners' receipt of adequate notice to challenge respondent's determination.

Petitioners received adequate notice of respondent's final partnership administrative adjustment in time to protect their interests. Under these circumstances, we hold that the existence of Seneca's tax matters partner was not a necessary condition for a valid FPAA, because the FPAA sent to petitioners provided adequate notice of when and how to commence a partnership proceeding in this Court. Any injury that petitioners suffer as a result of filing their petition out of time was caused by their own inaction and was not caused by respondent's conduct. * * *

In this regard, this case is virtually identical to *Seneca, Ltd.* Whatever the reason for the failure to include the 1983 and 1984 adjustments in the petition, it is clear that the FPAA, as issued, served its function, and there is no nexus between that failure and the existence vel non of a tax matters partner.

Accordingly, we deny petitioner's motion for leave to amend the petition.

*Docket No. 9795-89*

The issue in the case at this docket number is whether the petition filed by Mr. Vassallo, as tax matters partner, on May 12, 1989, should be dismissed. Respondent contends that Mr. Vassallo is not a proper party and, even if he were, the petition is untimely.

The parties agree that when the Bankruptcy Court entered an order of relief, Mr. Vassallo ceased to be the tax matters partner of Tempest. See *Computer Programs Lambda, Ltd. v. Commissioner*, 89 T.C. 198, 206 (1987); secs. 301.6231(a)(7)-1T(m)(3) and 301.6231(a)(7)-1T(1)(4), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987). There is also no dispute that the petition was not filed within the 90-day period contained in section 6226(a) within which the tax matters partner may file a petition. Petitioner contends, however, that since Mr. Vassallo was in bankruptcy and Tempest had no tax matters partner, "the 90 day period [within which a tax matters partner may file a petition under section 6226(a)] should begin to run no earlier than" the date that Mr. Vassallo was discharged from the bankruptcy proceedings. We do not agree.

Even assuming that Mr. Vassallo could become the tax matters partner of Tempest after his bankruptcy discharge, an issue we do not here decide (cf. *Barbados # 7 v. Commissioner*, 92 T.C. 804 (1989)), we cannot agree that, when a designated tax matters partner is in bankruptcy at the time the FPAA is issued, the time for filing a petition provided in section 6226(a) runs from the date of the tax matters partner's bankruptcy discharge or from the lifting of the stay of proceedings. Section 6226(a) provides that "Within 90 days *after the day on which a notice of final partnership administrative adjustment is mailed,"* the tax matters partner may file a petition. As we have already noted, this time limit is jurisdictional, and, if a petition is untimely, it must be dismissed. See *Byrd Investments v. Commissioner*, 89 T.C. 1 (1987). While section 6213(f) provides a suspension of the running of the time for filing a petition under section 6213(a) when a stay of proceedings is

in effect during an individual or corporate bankruptcy, there is no corresponding provision in section 6226.

Furthermore, the adoption of petitioner's reasoning would be highly inconsistent with the basic concepts underlying the so-called TEFRA partnership procedures. One of the primary goals of the TEFRA partnership provisions contained in sections 6221 et seq. was that when partnership litigation arose, "Only one proceeding may go forward." H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 664. In the litigation context, Congress adopted the so-called "entity theory" of partnership jurisprudence. If petitioner's position prevailed, a partner other than the tax matters partner would be required to file within the time provided in section 6226(b).[3] Then, according to petitioner's reasoning, if and when the tax matters partner emerges from bankruptcy he could also initiate judicial proceedings. Indeed, this is the precise situation that we would have here with this case and the case at docket No. 13298-88. Thus, the risk of multiple actions is inherent in petitioner's reasoning.

The TEFRA provisions envision that the partnership will designate a tax matters partner who, to the extent provided, will make decisions for the entity. In certain circumstances, respondent is empowered to select a tax matters partner. Sec. 6231(a)(7). On the other hand, it is clear that, if a tax matters partner was not in place, the FPAA could be mailed to the tax matters partner of a partnership without identifying a specific individual partner. *Barbados # 7 v. Commissioner, supra* at 807-808. If the tax matters partner either cannot or will not seek judicial review, then, if review is to be had at all, another partner must. It follows then that, as section 6226 provides, it is the mailing of the FPAA, and not whether a tax matters partner is in place, that triggers the time limits contained in sections 6226(a) and (b). The petition in this case is untimely and must be dismissed.

*Appropriate orders will be entered.*

---

[3]Petitioner does not suggest that all time limits would be suspended if the tax matters partner were in bankruptcy, and there is no reason why a nonbankrupt partner other than the tax matters partner should not have to file a petition if the partner seeks judicial review of respondent's adjustment.