GOVERNMENT ARBITRAGE TRADING COMPANY, JON EDELMAN, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Government Arbitrage Trading Co. v. Commissioner
Docket No. 5620-92
United States Tax Court
T.C. Memo 1994-136; 1994 Tax Ct. Memo LEXIS 126; 67 T.C.M. (CCH) 2551; March 30, 1994, Filed *126 An Order will be entered denying petitioner's motion to substitute another appropriate party and granting respondent's motion to dismiss for lack of jurisdiction. For petitioner: Dennis L. Stein. For respondent: William L. Blagg. DAWSON, PAJAK
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file the petition for readjustment of partnership items within the time prescribed by section 6226(b)(1). Petitioner filed a cross-motion to request that this Court designate an appropriate party or declare petitioner a notice partner. At the hearing on the motions, petitioner further requested that this Court appoint a new *127 tax matters partner. The issues for decision are: (1) Whether petitioner is a notice partner under section 6231(a)(8); (2) whether a notice partner can be substituted for petitioner in this partnership action; (3) whether this Court may appoint another partner in petitioner's stead to act as the tax matters partner; and (4) whether this case should be dismissed because petitioner failed to file the petition for readjustment of partnership items within the time prescribed by section 6226(b)(1). Petitioner is the tax matters partner of Government Arbitrage Trading Co. (Government Arbitrage), a limited partnership. Government Arbitrage had 156 partners in 1983. At that time, petitioner was a general partner in Government Arbitrage with a .5-percent interest in the partnership profits. On October 24, 1991, respondent mailed a notice of final partnership administrative adjustment (FPAA) for tax year ended December 31, 1983, to petitioner. On March 16, 1992, petitioner filed a "Petition for Readjustment of Partnership Items Under Code Section 6226". Petitioner filed as a partner other than the tax matters partner. The tax treatment of any partnership item generally is determined *128 at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to all taxable years of a partnership (other than a "small" partnership) that began after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). A prerequisite to our jurisdiction over a partnership action is a timely petition filed by either the tax matters partner or a notice partner of a partnership after an FPAA is mailed to the tax matters partner of the partnership. Secs. 6223(a)(2), 6226(a) and (b); Dalco Micro-Fab Partners, Ltd. v. Commissioner, T.C. Memo. 1993-100. Section 6223(a) provides that the Commissioner shall mail to each partner for whom the Commissioner has been provided with a name and address notice of (1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item; and (2) the final partnership *129 administrative adjustment which may result from any such proceeding. Section 6223(b), with a nonrelevant exception, relieves respondent of this duty to mail the notices in section 6223(a)(1) and (2) to a partner if the partnership has more than 100 partners and the partner has less than a 1-percent interest in the profits of the partnership. Energy Resources, Ltd. v. Commissioner, 91 T.C. 913, 915 (1988). The tax matters partner may file a petition for readjustment with this Court within 90 days after the Commissioner mails the FPAA to that partner. Sec. 6226(a); Dalco Micro-Fab Partners, Ltd. v. Commissioner, supra.When the tax matters partner does not file a petition within the 90-day period, a "notice partner" may file a petition for readjustment with this Court within 60 days after the close of the 90-day period. Sec. 6226(b)(1). "These time limits are jurisdictional and, if a petition is untimely, it must be dismissed." Tempest Associates, Ltd. v. Commissioner, 94 T.C. 794, 798 (1990). Petitioner contends that he timely filed the petition because he is a notice partner. A *130 "notice partner" is a partner to whom the Secretary must send a copy of the FPAA. Secs. 6231(a)(8), 6223(a); Rule 240(b)(8). Petitioner, who is the tax matters partner, failed to file his petition within the 90-day period allowed to a tax matters partner by section 6226(a). Petitioner did file within 60 days after the close of the 90-day period which is allowed to notice partners under section 6226(b)(1). A partner simultaneously can be a tax matters partner and a notice partner, provided the partner satisfies the requirements for each. Barbados #6 Ltd. v. Commissioner, 85 T.C. 900, 905 (1985). Government Arbitrage had more than 100 partners in 1983. Accordingly, with a nonrelevant exception, respondent did not have to provide notice to any partner who had less than a 1-percent interest in the partnership profits. Sec. 6223(b)(1). Such a partner is not a notice partner under section 6231(a)(8). Energy Resources, Ltd. v. Commissioner, supra at 915. Petitioner cannot qualify as a notice partner unless he had at least a 1-percent interest in the profits of Government Arbitrage. Petitioner argues that the appropriate *131 time to determine his interest in the partnership is at the time the petition was filed (1992) rather than for 1983. This Court considers that the partner's interest in the partnership profits for the year in issue determines whether the partner qualifies as a notice partner. Cambridge Research & Dev. Group v. Commissioner, T.C. Memo. 1991-434. In 1983, petitioner had a .5-percent interest in the profits of the partnership. Accordingly, petitioner is not a notice partner and is not entitled to the additional 60 days within which to file a petition. Thus, the petition he filed was untimely. Petitioner also argues that the petition should not be dismissed because respondent refused to respond to his demands for a list of all of the partners who had settled their cases with respondent. According to petitioner, respondent's failure to provide the requested list prevented him from making a timely decision whether to challenge the FPAA because he did not know which partners, if any, continued to have an interest in the matter. Petitioner fails to cite any authority to support his claim that respondent had a duty to advise him of the litigation status *132 of the other partners of Government Arbitrage. To the contrary, section 6223(g) expressly requires: To the extent and in the manner provided by regulations, the tax matters partner of a partnership shall keep each partner informed of all administrative and judicial proceedings for the adjustment at the partnership level of partnership items.
Under the regulations, the tax matters partner has the specific duty to forward a copy of the FPAA, within 60 days of the date it was mailed by respondent, to all partners who are not entitled to receive a copy of the FPAA from respondent. Sec. 301.6223(g)-1T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (March 5, 1987). As the tax matters partner, petitioner had the statutory duty to keep the other partners advised of litigation matters. Petitioner improperly attempts to transfer to respondent petitioner's own obligation with respect to each partner, including himself. Petitioner also contends that, if his petition is dismissed, the partners who do not agree with respondent's determinations in the FPAA will not have any remedy. Congress has provided for limited access to the courts to raise *133 any and all issues based upon an adjustment to a partnership return within the 90 days after mailing of the FPAA to the tax matters partner, plus a 60-day period for any notice partner. This Court is one of limited jurisdiction. "Our jurisdiction is created by statute and we cannot expand that jurisdiction." Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 565 (1989). If any inequity results as a consequence of petitioner's failure to timely file a petition, it is his own fault. This Court cannot extend the explicit statutory authority to acquire jurisdiction. Id. at 566. Only Congress can revise the law. The next question to consider is whether petitioner should be allowed to substitute a proper notice partner in this action. Rule 60(a) provides that a case timely brought shall not be dismissed because it is not properly brought on behalf of a party until a reasonable time has been allowed for ratification by the proper party. Ratification requires that the person who filed the petition was authorized to act on behalf of the party who did not file. Montana Sapphire Associates, Ltd. v. Commissioner, 95 T.C. 477, 482 (1990). *134 Petitioner failed to present any evidence that the notice partners authorized him to file a petition in this matter on their behalf. To the contrary, the record demonstrates that petitioner had no contact with notice partners, contrary to his statutory obligation, and thus filed the petition without their knowledge, consent, or approval. Nor has any notice partner ratified the petition. See Hoj v. Commissioner, 26 T.C. 1074, 1076 (1956); cf. Mishawaka Properties Co. v. Commissioner, 100 T.C. 353, 362-367 (1993). Finally, based upon our conclusion that this Court lacks jurisdiction over this partnership action, we do not have the necessary authority to appoint a new tax matters partner in this partnership action, particularly in light of the fact that petitioner is the tax matters partner. An Order will be entered denying petitioner's motion to substitute another appropriate party and granting respondent's motion to dismiss for lack of jurisdiction.