**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1812
_____

MAE IZZEDIN ASAD,
                              Appellant

SAM AKEL
(Intervenor in Tax Court)

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 32401-15)
Judge: Honorable Richard T. Morrison
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2018

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: October 25, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Mae Issedin Asad appeals from a decision of the United States Tax Court denying

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

her equitable relief from a joint and several tax liability, dismissing the case, in part, for lack of subject matter jurisdiction, and denying her motion for summary judgment as moot. For the following reasons, we will affirm.

On November 12, 2013, the Commissioner of the Internal Revenue Service (IRS) issued a notice of deficiency to Asad and her then-husband, Sam Akel, for tax years 2008 and 2009. On their jointly filed income tax returns for those years, Asad and Akel had reported losses for their three rental properties – two owned by Asad, and one owned by Akel. The IRS disallowed the entire losses for both years, resulting in tax deficiencies of $14,478.20 for 2008, and $10,932.98 for 2009, plus penalties. The notice indicated that Asad and Akel had until February 10, 2014, to petition the Tax Court for review. See 26 U.S.C. § 6213(a) (taxpayer has 90 days to file a petition with the Tax Court for redetermination of a contested deficiency).

A month after receiving the deficiency notice, Asad and Akel were divorced. Pursuant to their divorce settlement, they agreed that each was responsible for "one-half of the amount due and owing" for "past taxes and/or penalties." On July 29, 2014, Asad filed a Form 8857, Request for Innocent Spouse Relief, seeking equitable relief from her joint and several tax liability for 2008 and 2009, pursuant to 26 U.S.C. § 6015. The Commissioner issued a final notice of determination denying Asad's request for relief on October 8, 2015.

2

On December 30, 2015, Asad petitioned the Tax Court for review, arguing in part that the denial of "innocent spouse" relief was erroneous.[1]  In a motion for summary judgment, Asad argued that the underlying notice of deficiency was invalid as to taxes owed for 2008 because it was issued beyond the three-year statute of limitations.  See 26 U.S.C. § 6501(a).  As a consequence, she argued, because the Commissioner issued one notice of deficiency for both the 2008 and 2009 tax years, the notice was invalid as to both years.

In response, the Commissioner filed a motion to dismiss for lack of jurisdiction as to the issue of whether the notice of deficiency was issued beyond the statute of limitations.  The Commissioner argued that Asad had invoked the Court's jurisdiction under 26 U.S.C. § 6015(e), limiting the Tax Court's jurisdiction to determining whether the denial of innocent spouse relief was erroneous.  After hearing arguments at trial, the Tax Court agreed that this was a "stand alone" non-deficiency case; it therefore granted the motion to dismiss, and denied the motion for summary judgment as moot.  It further determined that, beyond certain concessions made by the Commissioner, neither Asad nor Akel were entitled to equitable relief.  Asad now appeals.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).  We exercise de novo review over the Tax Court's conclusions of law, including its determination that it lacked subject matter jurisdiction.  See Rubel v. Comm'r, 856 F.3d 301, 304 n.3 (3d Cir. 2017);

---

[1] Akel separately filed for innocent spouse relief under § 6015, which the Commissioner denied.  Akel petitioned the Tax Court for review, and sought to intervene in Asad's case. The matters were consolidated in the Tax Court.  Asad is the sole appellant in this appeal.

PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). We review its factual findings for clear error. Id.

Asad argues on appeal that she brought a "dual challenge" in the Tax Court -- both to the timeliness of the notice of deficiency and to the denial of innocent spouse tax relief -- and that the Court erred in failing to exercise jurisdiction over the former. The Tax Court is a court of limited jurisdiction, however; its jurisdiction can be exercised only to the extent provided by statute. See Maier v. Comm'r, 360 F.3d 361, 363 (3d Cir. 2004). The Tax Court has jurisdiction to redetermine a deficiency only when the IRS has issued a valid notice, see Robinson v. United States, 920 F.2d 1157, 1158 (3d Cir. 1990), and the taxpayer files a *timely* petition for redetermination, see 26 U.S.C. § 6213(a). There is no dispute that Asad did not file a petition for redetermination within 90 days of the issuance of the notice of deficiency, as required by the statute.

Asad argues that the Tax Court nevertheless had the authority to dismiss the case because the notice of deficiency was invalid "ab initio." See generally Holof v. Comm'r, 872 F.2d 50, 53 (3d Cir. 1989) ("Unless the IRS first issues the taxpayer an effective notice of deficiency, the Commissioner is precluded by statute from assessing or collecting any taxes."). For support, Asad cites to the Tax Court's decision in Shelton v. Comm'r, 63 T.C. 193 (1974). In Shelton, the notice of deficiency was not mailed to the taxpayers' last known address, as required by 26 U.S.C. § 6212(b)(2), and, consequently, petitioners filed an untimely petition for review with the Tax Court. The Commissioner filed a motion to dismiss for lack of jurisdiction because the petition was untimely, and petitioners moved to dismiss the case for lack of jurisdiction because the notice was

4

invalid. The Tax Court determined that, under the circumstances, it had jurisdiction to review the validity of the notice of deficiency and to dismiss the case because the notice was invalid. Id. at 197-98. As the Court explained, "[t]he validity of a notice of deficiency upon which a petition is based is a jurisdictional question that, when brought to the Court's attention, should be answered *before* the Court considers whether the petition was timely filed." Id. at 198 (emphasis added).

Asad's reliance on Shelton is unavailing. Although she argued that the notice of deficiency was void because it was issued after the statute of limitations had expired, her argument goes to the validity of the assessment, not to a defect in the notice. "[I]t is well established that the issuance of a notice of deficiency beyond the statute of limitations period does not effect (sic) its validity." Genesis Oil & Gas, Ltd. v. Comm'r, 93 T.C. 562, 564 (1989). The statute of limitations is an affirmative defense, and "not a plea to the jurisdiction" of the Tax Court. Id. ("in order to determine whether respondent's actions were barred by the statute of limitations (which is a determination on the merits of the case) we must first have jurisdiction over the parties and subject matter in the case"); see United Bus. Corp. of Am. v. Comm'r, 19 B.T.A. 809, 831 (1930) ("the proposition that a statute of limitations is a defense in bar and not a plea to the jurisdiction would seem to require no citation"); see also Fredericks v. Comm'r, 126 F.3d 433, 437 (3d Cir. 1997) (noting that the statute-of-limitations is a defense "which completely bars the assessment of any deficiency"). Asad did not present any viable challenge to the effectiveness of the notice of deficiency. The Tax Court therefore could

5

not exercise jurisdiction under § 6213(a) to determine the validity of the underlying assessment.

Cases brought under § 6015(e) are "'stand alone' cases, in that they are independent of any deficiency proceeding." Block v. Comm'r, 120 T.C. 62, 63 (2003) (citation omitted). In such cases, the Tax Court has jurisdiction to determine "whether the Commissioner erroneously denied equitable relief to an existing joint and several liability," but not to determine "whether the underlying joint tax liability exists." Id. at 66-68. The Tax Court properly determined that Asad's petition, which sought timely review of the denial of innocent spouse relief, invoked its jurisdiction pursuant to § 6015. The timeliness of the underlying liability assessment – the essence of Asad's notice of deficiency argument – "is not an independent ground for relief under section 6015." Id. at 68.

Based on the foregoing, the Tax Court properly determined that it lacked jurisdiction to consider the validity of the merits of *any* of Asad's challenges to the underlying federal tax liability assessment,[2] and that it was limited to determining whether Asad was eligible for innocent spouse relief. The Tax Court accepted the Commissioner's concession that Asad was entitled to innocent spouse relief for losses on Akel's properties. It therefore adjusted her tax liability to reflect the percentage of the total rental loss that was attributed to the properties owned by Akel.[3] Noting that the

---

[2] These challenges included the statute of limitations argument, a return-preparer defense, and a contention that the assessment was not properly certified.
[3] Specifically, Asad was relieved of 28% of the 2008 liabilities, and 41% of the 2009 liabilities.

Commissioner was not a party to the agreement, the Court rejected Asad's argument that her liability should be reduced to 50% to reflect the allocation of liabilities set forth in her divorce decree.  On appeal, Asad does not challenge the Tax Court's decision with respect to the denial of § 6015 relief, nor do we perceive a basis in the record for doing so.

Based on the foregoing, we will affirm the decision of the Tax Court.