**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 19-60367

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2020

Lyle W. Cayce
Clerk

ALLEN R. DAVISON, III,

      Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent - Appellee

Appeal from the United States Tax Court
No. 15509-12L

Before ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

    Allen Davison III was assessed additional income-tax liability for tax year 2005 after computational adjustments for two partnerships, Cedar Valley Bird Co., LLP and TARD Properties, LLC. Davison was a partner in Six-D Partnership, which was itself a partner in both Cedar Valley and TARD Properties. All three entities were subject to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), I.R.C. §§ 6221–6234, under which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60367

taxation for partnership items is determined at the partnership level.[1]   In 2010, the IRS issued two Notices of Final Partnership Administrative Adjustment ("FPAAs") reflecting computational adjustments for both Cedar Valley and TARD Properties.  No petition was filed to challenge either FPAA.  *See id.* § 6226(a)–(c).  Six-D had transferred its interest in TARD Properties to T.A.R.D. Business Trust ("TARD Trust"), but the IRS found it to be a sham transaction.  Faced with a potential whipsaw,[2] the IRS took the inconsistent position that both Six-D and TARD Trust held the relevant interest in TARD Properties in 2005.

As a result of the computational adjustments, the additional income-tax liability flowed through Six-D to Davison.  After Davison failed to pay the new assessments, the IRS issued a notice of intent to levy and right to a hearing to Davison in 2012.  Davison timely requested a collection due process ("CDP") hearing, which is the subject of this appeal.  Davison attempted to contest the liability that resulted from the TARD Properties FPAA on the theory that TARD Trust had been found solely responsible for the additional assessments.  Finding that Davison could not challenge the underlying liability because he had a prior opportunity to do so at the partnership level, the hearing officer sustained the proposed levy.  The Tax Court affirmed.  *Davison v. Comm'r*, 117 T.C.M. (CCH) 1117 (2019).

### I.  Underlying Tax Liability

We review de novo the Tax Court's legal determination that Davison

---

[1] Unless otherwise noted, citations to the Internal Revenue Code refer to the sections in effect during years relevant to this case.  Some have since been repealed or amended.

[2] "A whipsaw occurs when taxpayers treat the same transaction involving the same income inconsistently, thus creating the possibility that the income could go untaxed." *Bouterie v. Comm'r*, 36 F.3d 1361, 1373 (5th Cir. 1994).

No. 19-60367

could not challenge his underlying tax liability in his CDP hearing. *Estate of Duncan v. Comm'r*, 890 F.3d 192, 197 (5th Cir. 2018).

An FPAA adjustment may be challenged via partnership-level petition. *See* I.R.C. § 6226(a)–(c). Upon completion of these proceedings, or if no petition is filed, the FPAA becomes final and conclusive. *See id.* § 6230(c)(4); *Randell v. United States*, 64 F.3d 101, 104 (2d Cir. 1995); *Genesis Oil & Gas, Ltd. v. Comm'r*, 93 T.C. 562, 565–66 (1989). Even so, in the case of a computational adjustment, as here, "[a] partner may file a claim for refund" and challenge the adjustment (although substantive determinations remain binding). I.R.C. § 6230(c)(1). Here, no petition was filed on either FPAA before the deadline, and Davison has not filed a claim for refund.

In his CDP hearing, Davison could challenge the underlying tax liability only if he (a) did not receive notice of the deficiency or (b) did not have an opportunity to dispute the deficiency. *Id.* § 6330(c)(2)(B). The Tax Court determined that Davison, who held an indirect interest in Cedar Valley and TARD Properties, was not entitled to individual notice of a deficiency created by a computational adjustment. *Davison*, 117 T.C.M. (CCH) at 14–15. Davison does not appeal this holding. He does argue, for the first time on appeal, that Six-D's tax-matters partner did not receive the FPAA notices because they were sent to a defunct address. Because the issue was not timely raised in his CDP hearing, we cannot consider it on appeal.[3] *Giamelli v. Comm'r*, 129 T.C. 107, 114 (2007); Treas. Reg. § 301.6330-1(f)(2), Q&A (F3). In any event, Davison does not argue that the IRS failed to comply with the notice statute, which requires only that the IRS mail notice to the names and addresses furnished to it by the partnership. *See* I.R.C. § 6223(a), (c).

---

[3] The same is true of Davison's challenge to the I.R.C. § 6662(a) accuracy-related penalty the IRS imposed, as the Tax Court held. *Davison*, 117 T.C.M. (CCH) at 16.

No. 19-60367

Davison also had an opportunity to contest the deficiency at the partnership level. When a "partnership item has been resolved at the partnership level," it "cannot be contested at the individual partner level." *Randell*, 64 F.3d at 104. Tax liability stemming from an FPAA is not properly at issue in an individual's CDP proceedings. *Hudspath v. Comm'r*, T.C.M. (RIA) 2005-083, 2005 WL 826677, at \*10 (Apr. 11, 2005) (holding that a taxpayer could not use a CDP hearing to challenge a tax liability stemming from two FPAAs), *aff'd*, 177 F. App'x 326 (4th Cir. 2006). Therefore, we agree with the Tax Court and Appeals Office that Davison cannot challenge the underlying tax liability stemming from the Cedar Valley or TARD Properties FPAAs. *See* I.R.C. § 6330(c)(2)(B); *Davison*, 117 T.C.M. (CCH) at 12–15.

## II. Tax Levy

Because we affirm the Tax Court's legal conclusion that Davison could not challenge his underlying tax liability, we review the Appeals Office's decision to sustain the levy against Davison for abuse of discretion. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003) (per curiam). We do not conduct an independent review but instead determine only whether the Appeals Office's decision "was arbitrary, capricious, or without sound basis in fact or law." *Murphy v. Comm'r*, 125 T.C. 301, 320 (2005).

Davison argues, ostensibly in equity, that the assignment-of-income doctrine requires that he be absolved of liability for the assessments derived from the TARD Properties FPAA. But these arguments depend on an incorrect assertion that TARD Trust was stipulated to be solely liable for those assessments. To the contrary, the parties stipulated that, faced with a potential whipsaw created by the determined-to-be sham transfer from Six-D to TARD Trust, the IRS considered *both* entities to hold the relevant interest in TARD Properties. As we have recognized, when faced with a potential

4

whipsaw, the IRS may take inconsistent positions, such as considering two different taxpayers responsible for the same tax liability, to protect the public fisc and avoid non-payment of taxes. *Bouterie v. Comm'r*, 36 F.3d 1361, 1374 (5th Cir. 1994). Davison does not argue that the IRS lacked a "reasonable basis in fact and law" to do so. *See id.* There is no evidence that "double taxation" will occur here, as Davison forewarns. It is thus not inequitable on the facts before us to hold Davison, via Six-D, liable for these assessments.

Because all other legal and procedural requirements were satisfied in the CDP hearing, we agree with the Tax Court, for the reasons stated in its opinion, that the Appeals Office did not abuse its discretion by sustaining the levy. *See Davison*, 117 T.C.M. (CCH) at 18–19. As noted by the Tax Court, Davison is free to negotiate with the IRS or file a claim for refund, but he cannot obtain relief in the instant proceedings. *See id.* at 19 n.14.

AFFIRMED.