CONTINENTAL CASUALTY COMPANY, Plaintiff,

v.

AMERICAN FIDELITY AND CASUALTY COMPANY, Defendant.

Civ. A. No. P–1715.

United States District Court
S. D. Illinois, N. D.
July 7, 1959.

Cassidy & Cassidy, Peoria, Ill., for plaintiff.

Heyl, Royster & Voelker, Peoria, Ill., for defendant.

MERCER, Chief Judge.

Subsequent to the court's opinion and judgment filed and entered on March 19, 1959, 186 F.Supp. 173, upon defendant's motion to alter and amend the judgment entered February 7, 1958, defendant filed its second motion to alter and amend.

■ In its entirety the motion is restricted to either repetitive contentions upon matters which were before the court on its prior consideration of the cause or contentions which might have been raised prior to the March 19th judgment. The court is here concerned with interpretation of the provisions of two policies of insurance. The court's decision as to the construction thereof is set forth in its opinions previously entered, and judgment was entered in accordance with the court's conception of the correct interpretation of the policies. Litigation must end at some point. Piecemeal litigation of legal issues is burdensome both to the court and to parties to a cause and detrimental to decorum and judicial processes. Our system of jurisprudence contemplates that a party who is dissatisfied with the decision of a trial court may submit the cause to a court of higher jurisdiction for review. Argument and reargument of legal questions by motions repetitively presented to the trial court can serve no purpose other than to burden the judicial process with a load which neither the court nor the parties should bear. The cause was presented to the court upon cross motions for summary judgment, each party asserting that there remained no questions of fact for decision. Defendant can not at this late hour successfully contend that the judgment is in error because there are questions of fact which can only be resolved upon a trial.

The instant motion exceeds the bounds of an orderly procedure and with one exception to be noted will be denied.

■■ Defendant's contention that the court erred in allowing interest to plaintiff from March 17, 1955, to the date of the judgment entered March 19, 1959, appears to be meritorious. The court's decision in that respect merely perpetuates its judgment of February 8, 1958, and this contention ought to have been raised in defendant's first motion. Since it appears, patently, that each of the prior judgments was erroneous in this respect, the strict form of insistence upon timely procedures should give way to the substantive and practical goal of a procedurally correct adjudication. This cause does not present a situation permitting the awarding of interest prior to judgment under the applicable federal statute and the statutes of the State of Illinois. Cf., Lumbermen's Mutual Ins. Co. v. Slide Rule & Scale Engineering Co., 7 Cir., 177 F.2d 305, 311; Myers v. Walker, 24 Ill. 133; 23 I.L.P. Interest § 61. Accordingly, the March 19th judgment will be amended by striking therefrom the following language, to-wit: "together with interest on said amount at the rate of 5% per annum from March 17, 1955, to the

date of this judgment". As so amended that judgment is approved and will be and is hereby allowed to stand as the judgment of the court in this cause.

Defendant's motion to alter and amend the judgment is in all other respects hereby denied.