**Leszek BURZYNSKI, Plaintiff,**

v.

**Thomas TRAVERS, Terence O'Leary and Miam Productions, Defendants.**

**No. 85–Civ.–717.**

United States District Court, E.D. New York.

June 5, 1986.

Bragar & Wexler by Paul D. Wexler, New York City, for plaintiff.

Peter W. Hill, Oneonta, N.Y., for defendants.

PLATT, District Judge.

## INTRODUCTION

Having previously conducted a bench trial in this case, issued a memorandum and order, *Burzynski v. Travers*, 636 F.Supp. 109 (E.D.N.Y.1986), and the Clerk of Court having entered a judgment on April 30, 1986, the Court now faces a spate of post-judgment motions. The defendants have moved for a new trial under Fed.R.Civ.P. 59(a)(2) and for a stay of the judgment pending a new trial or alternatively, an appeal under Fed.R.Civ.P. 62(b) and (d). Plaintiff has cross-moved for Rule 11 sanctions in the form of attorney's fees incurred in opposing the defendants' motions.

Before plunging into a recitation of the facts and the merits of the various motions, it is necessary to clarify the jurisdictional status of these post-trial maneuvers. Rule 59(b) requires that new trial motions "shall be served not later than 10 days after the entry of the judgment." Under Rule 5(b) service is deemed complete upon mailing. Defendants' papers are dated May 9, 1986 and were received by the Court on May 12, 1986. The papers were, therefore, mailed and served well within the requisite 10-day period (which is computed by excluding Saturdays and Sundays, *see* Rule 6(a)) from the entry of judgment on April 30, 1986.

Though timely, the motion may nevertheless be a nullity. The Declaration of Peter H. Hill (Hill Decla.), the attorney for the defendants, states that a notice of appeal was served on May 7, 1986. *Id.* at ¶ 2. Once notice of appeal is given, "the subsequent filing of a motion for a new trial, even if timely, is ineffective because jurisdiction of the case is no longer in the district court." 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2821, at 136 (1973); *see also, e.g., Sykes v. United States*, 392 F.2d 735, 738 (8th Cir.1968). This procedural flaw might have been sufficient to dispose of the motion—despite Professors Wright's and Miller's recommendation that the "preferable procedure" is for the district court to review the motion and if it finds legitimate grounds then ask the appellate court to remand the case, 11 C. Wright & A. Miller, *supra*, § 2821, at 136—but the plaintiff has informed this Court that defendants' appeal was dismissed by the Second Circuit on May 23, 1986, due to defendants' failure to comply with the procedures outlined in the Second Circuit's Civil Appeals Management Plan. Letter from Paul D. Wexler to Judge Platt (May 28, 1986). This Court consequently feels compelled to address the merits of the motion.[1]

## BACKGROUND

### A. *The Trial*

This case involves the alleged breach of a contract to direct a made-for-television

---

1. The Court recognizes that the dismissal of the appeal may not necessarily have revived plaintiff's Rule 59 motion. The same issues, however, could easily be raised any time within a year under Rule 60(b)(2) because what constitutes newly discovered evidence under that rule is substantially the same as under Rule 59. The crucial difference between the two Rules is that Rule 60 does not suspend the finality of the judgment, thus allowing defendants to proceed simultaneously with an appeal. Hence, a dis-

movie.[2] Based on a one-day bench trial and the post-trial briefs, this Court issued a memorandum decision which held that the defendants, who had offered the plaintiff the right of first refusal to direct their movie, bore the burden of proving their first affirmative defense to the effect that they had received a bona fide third-party offer. *See Burzynski v. Travers, supra* at 113. Defendants attempted to meet their burden by introducing into evidence a letter from William Rebane that purported to be such a third-party offer. The rule against hearsay, Fed.R.Evid. 801(c), precluded the admission of the letter, nor was it within any of the hearsay exceptions provided in evidentiary rules 803 and 804.

Recognizing that proof of the offer was crucial to defendants' case the Court offered them the opportunity to subpoena Mr. Rebane, a resident of Wisconsin, for a deposition in Wisconsin at any time during the period from November 12, 1985 until at least March 10, 1986, pursuant to Rule 45(d), which could then be admitted as evidence. *See* Trial Tr. at 12–13, 41–44; *Burzynski v. Travers, supra* at 12. The defendants declined to exercise this option, allegedly due to their severe financial limitations.[3] Aff. of Terence O'Leary at ¶ 3.

### B. *The Pending Motions*

Defendants now move for a new trial pursuant to Rule 59(a). Having allegedly recently learned that the plaintiff is an acquaintance of Mr. Rebane, the defendants seek to reopen the case to permit Mr. Burzynski to authenticate the hearsay letter. *See* Defs' Mem. at 3 ("Mr. Burzynski himself at a new trial can no doubt verify that this offer was indeed made by Mr. Rebane."). Alternatively, defendants suggest that the Court shift the burden of

proof on the first affirmative defense and require plaintiff to produce Mr. Rebane to testify that no offer was made. Defs' Mem. at 3 (plaintiff "would have a greater likelihood of voluntarily obtaining the appearance of this witness [Mr. Rebane] in court in the Eastern District of New York, than would the defendants who are involved in litigation with him in the Northern District of New York.").

Additionally, defendants have requested a stay of the enforcement of the judgment pending a new trial or, if that motion is denied, pending appeal. Fed.R.Civ.P. 62(b) and (d). Defendants argue that if a stay is not granted and the judgment is eventually amended or reversed, they "may have great difficulty in recovering such money collected by the plaintiff [a citizen of Great Britain] since there is no property owned by him in this state or in this country known to the defendants and attachment of any of his assets in the United Kingdom may be difficult, if not impossible." Defs' Mem. at 7.

Plaintiff opposes both motions and has filed for Rule 11 sanctions on the grounds that "there is no reasonable basis for defendants' motion." Aff. of Paul D. Wexler at ¶ 2.

### DISCUSSION

### A. *Motion for a New Trial*

■ Rule 59(a)(2) provides that a district court exercising sound discretion may grant a new trial in nonjury actions for the same grounds as in jury actions under Rule 59(a)(1). Any such motion must be based upon manifest error of law or mistake of fact and "a judgment should not be set aside except for substantial reasons." 11 C. Wright & A. Miller, *supra* § 2805 at 37.[4]

---

cussion of both of defendants' requests for relief is warranted.

**2.** For a full statement of the facts, *see Burzynski v. Travers, supra* at 110–11.

**3.** It is not clear to this Court how or why defendants are able to afford the costs and expenses attendant upon a new trial but were not able to finance a short deposition in Wisconsin

for use at the original trial. Experience dictates, however, that there is little, if anything, to be gained in asking such obvious questions.

**4.** The Court notes that the rigorous restrictions imposed on the granting of new trials reflect the important policies of conserving ever-dwindling judicial resources and promoting judicial efficiency. If the defendants had moved to take Mr. Rebane's testimony before a decision was

Defendants have moved for a new trial on the grounds of "newly discovered evidence." Defendants claim to have recently learned that the plaintiff "not only knows of Mr. Rebane, but knows Mr. Rebane." Defs' Mem. at 1. According to defendants this freshly garnered fact warrants reopening the trial because to avoid a miscarriage of justice they must be permitted to call Mr. Burzynski to the stand to testify to his contacts with Mr. Rebane, to call one Alice Ray to confirm Burzynski's friendship with Rebane and, most importantly, to enter into evidence Mr. Rebane's letter (attached as an unlettered exhibit to Hill Decla.) as a verbal act, "not for the truth of anything asserted in the letter." Defs' Mem. at 4.

The defendants' new strategy does not constitute grounds for a new trial on the basis of newly discovered evidence. First, it is not clear from defendants' papers whether Mr. Burzynski and Mr. Rebane have just recently become acquainted or, if they were acquainted at the time of the trial, why the defendants with due diligence were not able to discover the fact. *See United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.) (to succeed on a Rule 60(b)(2) motion—standard is the same under Rule 59(a)(2)—movant must present evidence that is "truly newly discovered or ... could not have been found by due diligence") (citation omitted), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983).

Second, defendants are merely attempting to bootstrap into evidence the letter which this Court refused to accept at the trial because it was blatant hearsay. Nothing defendants could do at a new trial would change the status of that letter short of Mr. Rebane's sponsoring testimony. The Court has already offered the defendant the opportunity to depose Mr. Rebane and use the deposition as evidence. Even now the defendants do not propose to produce this key witness. It is quite doubtful, therefore, that defendants' additional evidence will affect the ultimate outcome of the case.

After deliberation this Court can only endorse and echo the position adopted by Judge Weinfeld in a similar situation: "[A]bsent a compelling excuse a new trial need not be ordered to permit a party to introduce evidence which it had available to it at the time of trial. *See Kirby v. United States*, 297 F.2d 466, 469–70 (5th Cir.1961); *Cathedral Estates, Inc. v. Taft Realty Corp.*, 228 F.2d 85, 87–89 (2d Cir.1955). Here, defendant[s] had a full opportunity to proffer the evidence, failed to do so and ha[ve] offered no excuse for such failure. The motion is denied." *Union Bank of Switzerland v. HS Equities, Inc.*, 458 F.Supp. 1166, 1167 (S.D.N.Y.1978).

### B. *Motion for a Stay of the Judgment*

Having denied the motion for a new trial and having learned that the appeal has been dismissed, defendants' motion for a stay of enforcement pending a new trial or appeal seems to be moot. If, however, defendants do reinstitute their appeal and do comply with the Second Circuit's filing guidelines as they in fact pledged to do, *see* Hill Decla. at ¶ 2 ("with respect to the stay, I can assure the Court that I will promptly prosecute the appeal"), the Court directs that the payment of the $25,000.00 judgment be made to the Clerk of this Court to be deposited in an interest bearing account with the distribution to await a resolution by the Court of Appeals.

### C. *Plaintiff's Rule 11 Motion*

■ The Court denies plaintiff's request for Rule 11 sanctions in the amount of $2,020.00. Initially the Court notes that plaintiff would be entitled to compensation for only 7.1 hours of work, not the 10.1 claimed because the anticipated court appearance for which plaintiff allotted 3 hours on May 23, 1986 did not occur. However, the Court denies the request in whole because while the motion was denied, the

---

rendered, these restrictions would not apply because hearing the additional evidence would have furthered the twin goals of fairness and

efficiency. Once a judgment is rendered, however, a losing litigant's proper recourse is to file and prosecute an appeal.

Court may not say that it violated the Rule 11 standard or the Second Circuit's interpretation of it as set forth in *Eastway Construction Corp. v. The City of New York,* 762 F.2d 243 (2d Cir.1985).

SO ORDERED.