**LUMBERMEN'S INVESTMENT COR-PORATION, a corporation, Plaintiff,**

v.

**James T. PROVO, Maria Provo, Village of Bolingbrook, John Wols, Donald J. Adler, United States of America and J & J Construction, Defendants.**

No. 89 C 05451.

United States District Court, N.D. Illinois, E.D.

Sept. 28, 1990.

Stanley W. Papuga, Kenneth K. Shaw, Jr., Chicago, Ill., for plaintiff.

Daniel J. Kallan, Kallan & Grnacek, Joliet, Ill., John S. Brennan, Asst. U.S. Atty., Chicago, Ill., G. Douglas Grimes, Waukegan, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Lumbermen's Investment Corp. ("Lumbermen's Investment") and J & J Construction Co. ("J & J Construction") filed a joint motion to disburse surplus proceeds from a foreclosure sale. Maria Morfi, formerly known as Maria Provo, brings in response a motion to set aside the default and default judgment that led to the foreclosure sale. For the reasons set forth below, we grant the joint motion to disburse, and deny the motion to set aside the default and default judgment.

### I. Facts

The facts in this case are straightforward. On July 12, 1989, Lumbermen's Investment filed a complaint in this court to foreclose on a mortgage held by James T. Provo, Morfi's husband (they have since divorced). The mortgage secured the Provo home in Bolingbrook, Illinois. According to the complaint, three consecutive payments had been missed, and Lumbermen's Investment elected to declare the principal balance and accrued interest immediately due and payable.

On December 1, 1989, this court entered a default judgment in favor of Lumbermen's Investment, the primary defendants having failed to plead or otherwise defend against the allegations in the complaint. (Morfi's only official involvement, on the record, came October 19, 1989, when she filed a pro se appearance.) We also appointed a special commissioner to conduct the foreclosure sale.

On March 13, 1990, just one day prior to the foreclosure sale, Morfi and her attorney filed a motion to vacate the default judgment and stay the sale. We referred that motion to United States Magistrate Elaine E. Bucklo, who set a briefing schedule and, on June 26, 1990, entered her report and recommendation. We adopted the report and recommendation on July 30, 1990, following a careful de novo review of the motion, applicable briefs, factual record, and Morfi's subsequent objections thereto. Specifically, we granted Morfi's motion only on the federal tax lien issue, and not, significantly, as it related to her arguments against ¶ 7 of the default judgment.

That paragraph reads as follows: "7. That J & J CONSTRUCTION is entitled to a lien in the amount of $11,677.50, however, a ruling on the priority of said lien over the lien of [Lumbermen's Investment] is reserved until after the results of the foreclosure sale are known." It is important because Morfi disputes the validity of that lien. Apparently, J & J Construction contracted with James Provo to undertake substantial repairs on the Provo home following a fire there on February 4, 1987. A dispute subsequently arose regarding the quality of those repairs, and Morfi authorized her homeowner's insurance carrier to stop payment to J & J Construction. The company then filed a mechanic's lien and an action for breach of contract in state court; this action is still pending in that forum.

Morfi argued that no determination should be made in federal court regarding the validity of J & J Construction's lien until the matter could be completely litigat-

ed in state court. That part of her motion was denied.

Morfi now brings a second motion to set aside the default judgment that, like a portion of her first motion, revolves around ¶ 7 of the default judgment. She presents four arguments in support of her motion: 1) ¶ 7 affords relief beyond that requested in the original complaint, thus violating Federal Rule of Civil Procedure 54(c); 2) Kenneth K. Shaw, Jr., Lumbermen's Investment's attorney, allegedly told her that she need not appear in court for the December 1, 1989 default judgment, and that he would "ask the Judge to amend" ¶ 7 of the judgment; 3) her own attorney has "utterly failed to protect her interests," including not bringing to the court's attention Shaw's alleged statements; and 4) enforcement of ¶ 7 would be an extreme hardship on her.

## II. Discussion

Subsequent motions on the same issue or on issues that could have been raised previously should not be considered, and that is the situation before the court now. The waste of judicial resources is certainly no less a concern now than it was thirty years ago, when a federal district judge remarked that:

> [L]itigation must end at some point.... Our system of jurisprudence contemplates that a party who is dissatisfied with the decision of a trial court may submit the cause to a court of higher jurisdiction for review. Argument and reargument of legal questions by motions repetitively presented to the trial court can serve no purpose other than to burden the judicial process with a load which neither the court nor the parties should bear.

*Continental Casualty Co. v. American Fidelity & Casualty Co.*, 190 F.Supp. 236, 237 (S.D.Ill.1959). This Court has previously ruled on, and denied, Morfi's attempt to invalidate ¶ 7, and her present arguments, save the one alleging incompetent counsel, are either repetitive of her earlier contentions or ones that should have been raised with her initial motion to vacate. As such, we decline to grant her motion.

Her attorney's alleged failures are not adequate justification to excuse untimely motions or arguments. A litigant is bound by her lawyer's acts. *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir.1986) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, *reh'g denied*, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962)). There is good reason for this rule; "[h]olding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common." *Id.* The proper remedy for attorney failures of the sort alleged by Morfi is not secured by a motion to vacate a default judgment under Rule 60(b).

## III. Conclusion

Because Morfi's arguments have previously been ruled on, or should have previously been brought, but were not, we deny her motion. That denial leaves no opposition to Lumbermen's Investment and J & J Construction's joint motion to disburse funds, which we, accordingly, grant. It is so ordered.