John J. COSTELLO, Plaintiff,

v.

UNITED STATES
GOVERNMENT, Defendant.

No. CV 90–6184 ER.

United States District Court,
C.D. California.

May 24, 1991.

Bruce I. Hochman and Steven Toscher, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for plaintiff.

Lourdes G. Baird, U.S. Atty., Timothy M. Mulligan, Asst. U.S. Atty., Tax Div., Los Angeles, Cal., for defendant.

## MEMORANDUM DECISION: DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

RAFEEDIE, District Judge.

### INTRODUCTION

Plaintiff has brought suit against the United States to enjoin the Internal Revenue Service from assessing a tax deficiency against him. He claims that the intended assessment is barred by the statute of limitations applicable to partners under the partnership tax provisions of the Internal Revenue Code ("the Code").

The government has brought a motion to dismiss the action for lack of jurisdiction, based on the Anti–Injunction Act which prohibits suits restraining the assessment or collection of taxes. 26 U.S.C. § 7421. In the alternative, the government has asked for a judgment on the pleadings. The government claims that the statute of limitations pertinent to the plaintiff has not run, but has been extended pursuant to special extension provisions in the Code. Whether the limitations period has run or is extended under the facts of this case presents an issue of first impression.

### FACTS

The plaintiff, John J. Costello, has filed this complaint alleging that a tax deficiency assessment made against him by the Internal Revenue Service (IRS) is barred by the statute of limitations. The plaintiff seeks injunctive relief, claiming he has no other remedy at law due to the peculiar nature of the partnership tax provisions, contained in the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA).

The tax assessment at issue arises out of a tax partnership relationship. Plaintiff Costello was a partner in a partnership called C.M. Genesis, which was itself a partner in Genesis Oil & Gas, Limited (Gen Oil). Both of these partnerships are governed by the TEFRA provisions.

Under TEFRA, the tax treatment of all partnership items is determined at the partnership level by an audit of the entire partnership. 26 U.S.C. § 6221. If the IRS proposes adjustments of the profits or losses declared by the partnership on its return, the Service must issue a notice of final partnership administrative adjustment (FPAA) to the partnership.[1]

Pursuant to these partnership audit provisions, the IRS issued a notice of final partnership administrative adjustment to Gen Oil in November of 1987.[2] The FPAA stated that the IRS intended to adjust a loss, an adjustment which would then result in a deficiency assessment against partner C.M. Genesis, which would in turn result in a deficiency assessment against plaintiff Costello as an individual partner in C.M. Genesis.

The IRS failed to assess the tax deficiency against C.M. Genesis—the tier partnership between plaintiff Costello and Gen Oil—within the proper statutory period. The government does not contest that the

assessment against C.M. Genesis is time barred.

However, the IRS has assessed this deficiency against plaintiff, as a partner of C.M. Genesis and an indirect partner of Gen Oil, pursuant to the distributed loss adjusted in the FPAA. It is this assessment against plaintiff as an individual partner which is challenged here as time barred by the statute of limitations provisions of the partnership tax code.

## DISCUSSION

### A. MOTION TO DISMISS FOR LACK OF JURISDICTION

1. *The Anti–Injunction Act Prohibitions*:

■ Subject to limited exceptions the Anti–Injunction Act generally deprives this Court of jurisdiction to hear any suit brought to restrain the assessment or collection of taxes.[3] The Act embodies a strong congressional policy of protecting the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference. *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).

Several exceptions have developed, however, which modify the strict prohibition against injunctive relief.[4] The plaintiff as-

---

1. If the partnership wishes to dispute the IRS adjustment, then once the notice is issued, the partner responsible for preparing the tax return may file a petition contesting the adjustment within 90 days in District Court, Tax Court, or Claims Court. 26 U.S.C. § 6226(a). If the tax matters partner fails to file a petition, other specified partners may file such a petition in any one of the same three courts within the next 60 days. *Id.* § 6226(b).

2. Because no partner of Gen Oil filed a timely petition to contest the FPAA's proposed loss adjustment, that adjustment is now final and binding on the partnership. The tax matters partner of Gen Oil did file a petition contesting the FPAA 218 days after the FPAA was issued. *See Genesis Oil & Gas, Ltd. v. Commissioner,* 93 T.C. 562, 563 (1989). However, the Tax Court dismissed the case for lack of jurisdiction on account of the untimely filing of the petition. *Id.* at 567.

3. The Statute reads: "Except as provided in [certain statutory sections], no suit for the purpose

of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421.

4. There are five statutory and two judicial exceptions. The five statutory exceptions are: (1) assessment and collection before the deficiency procedures, 26 U.S.C. §§ 6212(a), (c), 6213(a); (2) filing a bond against 100% penalty, 26 U.S.C. § 6672(b); (3) payment of fifteen percent of a tax preparer penalty, 26 U.S.C. § 6694(c); (4) wrongful levy, 26 U.S.C. § 7426(a); and (5) judicial review of a jeopardy assessment, 26 U.S.C. § 7429(c).

The two judicial exceptions allow injunction of assessments where (1) the taxpayer can establish facts to support equity jurisdiction and can show that it is impossible for the government to prevail on the merits, *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); and (2) where

serts that his case falls within the exception created in *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). There, the Supreme Court held that the Anti–Injunction Act should not apply where Congress has not provided a plaintiff with alternative legal means to challenge the validity of a tax. 465 U.S. at 378–79, 104 S.Ct. at 1114–15. Consequently, jurisdiction to entertain this case depends on the plaintiff's ability to demonstrate that he lacks an alternate remedy at law.

2. *Does Plaintiff Costello Have an Alternate Means of Challenging the Disputed Tax Assessment?*

Plaintiff Costello argues that he is without an alternate remedy because, unlike the case of individual tax proceedings, the TEFRA partnership provisions do not generally provide for post-payment refund remedies. In fact, the Code precludes post-payment suits to contest assessments against individual partners except in cases where a partner alleges that an assessment is invalid based on an erroneous computation. *See* 26 U.S.C. § 6511(g) (providing that refund procedures for individuals do not apply where disputed tax is attributable to partnership items); 26 U.S.C. § 6230(c) (procedures for refund claims arising out of erroneous computations of partnership items). In addition, there are no provisions in the partnership section of the Code providing for pre-payment or post-payment challenges to an assessment where a taxpayer asserts that the assessment is time barred. Therefore, it appears that the plaintiff is correct in asserting that he has no alternate means of challenging the validity of this tax assessment.

The government argues that the normal refund procedures do in fact apply in this case. The government claims that the rationale of *Woody v. Commissioner*, 95 T.C. No. 15 (1990) supports this contention. At issue in *Woody* was whether the plaintiff could sue for a refund for a claimed overpayment of the taxes which flowed from a partnership item in spite of the fact that

Code § 6511(g) expressly prohibits refund suits for taxes attributable to partnership items. 26 U.S.C. § 6511(g). The Tax Court found that refund suits pertaining to partnership taxes were permissible in the narrow circumstances where the disputed tax item is an "affected item," that is, a tax liability personal to one partner which is affected by an adjustment in the partnership return. *Woody*, 95 T.C. at 3128–29. An example of an "affected item" would be a partner's medical expense deduction which must be adjusted when distributed losses of partnership cause an increase or decrease in the gross income of a partner.

Contrary to the government's assertion, plaintiff's case does not fit within this exception. Plaintiff Costello is not disputing a tax deficiency personal to him which is affected by the partnership distributed loss. Rather, he has asserted a statute of limitations claim to challenge the validity of the tax assessment of his share of the partnership tax. Therefore, it does not seem that the plaintiff has any recourse, other than this lawsuit, to contest an assessment he believes to be barred by the statute of limitations. The Court will, accordingly, retain jurisdiction and proceed to consider the government's motion for a judgment on the pleadings.

**B. JUDGMENT ON THE PLEADINGS: IS THE TAX ASSESSMENT BARRED BY THE STATUTE OF LIMITATIONS?**

1. *Is the Plaintiff an "Unidentified Partner" With Respect to Whom the General Statute of Limitations is Extended?*

■ The government concedes that with respect to all of the identified partners of Gen Oil the statute of limitations has run, and partnership taxes can no longer be assessed against them. However, the government contends that the statute of limitations is extended with respect to plaintiff, an indirect partner of Gen Oil, because he is an "unidentified partner" as defined in 26 U.S.C. § 6229(e). That section tolls the regular statute of limitations

Congress has provided no alternate means of challenging the validity of a tax, *South Carolina*

*v. Regan,* 465 U.S. 367, 378–79, 104 S.Ct. 1107, 1114–15, 79 L.Ed.2d 372 (1984).

on assessment of taxes against partners in cases where a partner's name is not furnished on the partnership return.[5]

It is not disputed that plaintiff Costello's name did not appear on the tax return of Gen Oil. The question presented is a legal one regarding whether Costello, as an indirect partner of Gen Oil, is an "unidentified partner" under § 6229(e) with respect to Gen Oil because his name was not listed as an indirect partner on the Gen Oil return.

Both parties make vigorous arguments on this point, and both have based their arguments upon statutory and regulatory provisions. They have done so because there is no statutory provision or treasury regulation expressly adopting or precluding the government's position. However, there are regulations indicating that, for statute of limitations purposes, circumstances which support tolling of the statute apply both to direct and indirect partners. *See infra.*

The government first argues, based on the statute, that plaintiff is a partner under the § 6229(e) "unidentified partner" provision pursuant to the section of the partnership act defining partners as follows:

> For purposes of this subchapter ... [t]he term "partner" means—
>
> (A) a partner in the partnership, and
>
> (B) any other person whose income tax liability under subtitle A is determined in whole or in part by taking into account directly *or indirectly* partnership items of the partnership. 26 U.S.C. § 6231(a)(2) (emphasis added).

Therefore, the government argues, the term "partner" includes indirect partners[6] such as plaintiff, and consequently the requirement that all partners' names be furnished on the return of the partnership applies to indirect partners.

In his memorandum in opposition to the government's motion, the plaintiff does not dispute the interpretation of the statute directly. Rather, he asserts that an indirect partner is not "unidentified" under § 6229(e) if he is properly identified on the pass-thru partnership return. This assertion pertains to the second issue, namely whether plaintiff's name was properly furnished to the IRS, as an indirect partner of Gen Oil, by virtue of the fact that his name was listed on the C.M. Genesis (pass-thru) partnership return.

*2. Did the Plaintiff Take Appropriate Steps to Furnish His Name to the IRS in Order to Prevent Tolling of the Statute of Limitations According to the Terms of Section 6229(e)?*

The government cites several Treasury Regulations supporting its contention that the plaintiff's name was not properly furnished to the IRS, thereby rendering him an unidentified partner with respect to whom the statute of limitations is extended. Regulations promulgated under Code § 6229(e) specifically state that:

> A partner who is not properly identified on the partnership return (*including an indirect partner*) remains an unidentified partner *for purposes of Section 6229(e)* until identifying information is furnished as provided in Section 301.-6223(c)–1T. Temporary Treas.Reg. § 301.6229(e)–1T.

This regulation incorporates by reference another regulation for the purpose of defining when information is properly furnished. That regulation provides that information on indirect partners is not considered provided to the IRS by reference to the pass-thru partnership return unless the pass-thru partnership return is attached to the statement furnished to the IRS. Temp. Treas.Reg. § 301.6223(c)–1T.

---

**5.** Section 6229(e) provides that,

If ... the name, address, and taxpayer identification number of a partner is not furnished on the partnership return for a partnership taxable year ... the period for assessing any tax ... attributable to any partnership item (or affected item) for such taxable year shall not expire with respect to such partner before the date which is 1 year after the date on which the name, address, and taxpayer identification number of such partner are furnished to the Secretary. 26 U.S.C. § 6229(e).

**6.** The Code defines "indirect partners" as "... a person holding an interest in a partnership through 1 or more pass-thru partners." 26 U.S.C. § 6231(a)(10).

Plaintiff Costello's name was not on the source partnership return. The pass-thru partnership return (that of C.M. Genesis) was not attached to the source partnership return. He therefore appears to be an unidentified partner within the meaning of Code section 6229(e) and Treasury Regulations Section 301.6229(e)–1T.

The plaintiff contests this reading and application of the statute and regulations. He contends that the IRS's interpretation of the language "including indirect partners" in Regulation 301.6229(e)–1T is erroneous in that the Service is asserting that this section means that *all* indirect partners are unidentified. However, the plaintiff has misconstrued the government's argument. The Service does not contend that all indirect partners are unidentified. Rather, it merely contends that indirect partners whose names are not properly furnished to the IRS—according to the regulations—will be considered "unidentified partners" for the purpose of a § 6229(e) time extension just as direct partners will.

The plaintiff next argues that the government's reliance on regulation section 301.6223(c)–1T is erroneous in that that provision only applies to notice requirements for partnership level proceedings. But the government does not rely on that regulation directly. Rather, it cites to that regulation because that regulation is expressly incorporated by reference into regulation 301.6229(e)–1T which specifically governs the issue here: whether the plaintiff's name was properly furnished to the IRS. The incorporated regulation is referenced for its provisions regarding information on indirect partners. The fact that, standing alone, in its unincorporated form, the regulation pertains to notice provisions should not affect its application to determining who is an "unidentified partner" pursuant to regulation section 301.6229(e)–1T.

After contesting the applicability of the regulations cited by the government, the plaintiff argues that a separate regulatory provision exempts him from the requirement that his name be listed on the Gen Oil partnership return. The provision he cites, 26 C.F.R. § 1.6031–1, only requires that the immediate partners of any partnership be listed on that partnership's return. In this case, that translates to an assertion that only C.M. Genesis' name was required to be listed on the Gen Oil return, and that plaintiff's name was only required to be listed on the C.M. Genesis return.

However, as the government points out, the regulation upon which plaintiff relies for this assertion is a non-TEFRA regulation. That is, it is not a regulation promulgated under the new partnership tax provisions. In fact, the xerox copy of the regulation which plaintiff attached to his memorandum expressly states: "Caution Reg. 6031–1 [the cited regulation] does not reflect P.L. 100–647, P.L. 99–514, or P.L. 97–248." All of these public law numbers refer to partnership provisions of TEFRA—including § 6229(e) the unidentified partner provision. Therefore, the cited regulation cannot be dispositive in this case.

Finally, the plaintiff makes a policy argument in support of his conclusion that he is not an "unidentified partner" with respect to the Gen Oil tax return. He argues that under the IRS interpretation of the Code and regulations, the Service would have what amounts to an unlimited period of limitations. Presumably he means that the statute of limitations would be unlimited because it would be tolled indefinitely until the IRS discerns the names of all indirect partners who are not listed on a source partnership return.

The government counters that this does not result in an unlimited period of limitations because if an indirect partner wishes the statute to run against him, he merely needs to identify himself on the source partnership return.

■ The government's position on this issue seems to be the better one. Indeed, the purpose of a tolling provision is to hold a statute of limitations open indefinitely under circumstances where the identity of the liable party is unknown or difficult to discern. And secondly, the plaintiff here was in the best position to avoid this problem by furnishing his name to the IRS as

an indirect partner of Gen Oil (although he understandably may not have wanted to volunteer to pay his taxes sooner rather than later). Tax reporting is a self-administered system, and it has always been the taxpayers' burden to indicate the parameters of their tax liability to the IRS clearly, not the reverse. And finally, the plaintiff here is not contesting the validity of the tax deficiency itself; he just takes issue with the timeliness of the assessment of taxes which he seems to concede that he owes.

For all the reasons discussed above, the merits of this claim must be decided against the plaintiff. He was an unidentified partner for whom the statute of limitations period was tolled pending discovery of his identity. The tax assessment, therefore, was timely and the plaintiff must now pay what he owes.

## MOTION TO AMEND THE JUDGMENT

Plaintiff Costello returned to this Court requesting reconsideration of the above judgment. He filed both a Motion for Reconsideration under Local Rule 7.16 and a Motion to Amend the Judgment under Federal Rules of Civil Procedure 59(e).

The essence of each of these is a request that the Court reverse its prior decision and render judgment in favor of the plaintiff.

## A. MOTION FOR RECONSIDERATION

Local Rule 7.16 allows parties to bring a motion for reconsideration where there is: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

As grounds for his motion, plaintiff essentially asserts that the Court's judgment is faulty on the merits. He has not assert-ed any new discoveries of facts, changes in the law, or failure of the Court to consider facts previously presented. Accordingly, this motion must be denied for its failure to meet the standards set forth in the Local Rules.

## B. MOTION TO AMEND THE JUDGMENT

Plaintiff has brought a motion to amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) which allows a Court to alter or amend a judgment after its entry. *See* Fed.Rules Civ.Proc., Rule 59(e) & Note to Subdivision (e) (1991).

The district court in its discretion may grant a new trial or a new hearing in nonjury actions for the same grounds as in jury actions. *Burzynski v. Travers*, 111 F.R.D. 15, 17 (E.D.N.Y.1986). Any such action must be based on manifest error of law or mistake of a fact and "a judgment should not be set aside except for *substantial reasons.*" *Id.* (citing 11 Wright & Miller, Federal Practice & Procedure: Civil § 2804 (1973)) (emphasis added).

In some circumstances, however, Rule 59(e) motions may amount to a breach of procedure. Accordingly, courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment. *See Continental Casualty Co. v. American Fidelity & Casualty Co.*, 190 F.Supp. 236, 237 (S.D.Ill.1959) (first case to state this concern); *accord, Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.1989); *Lumbermen's Investment Corp. v. Provo*, 748 F.Supp. 635, 637 (N.D.Ill.1990). This position reflects district courts' concerns for preserving dwindling resources and promoting judicial efficiency. *See, e.g., Lumbermen's*, 748 F.Supp. at 637; *Burzynski*, 111 F.R.D. at 17–18 n. 4; *Continental Casualty*, 190 F.Supp. at 237.

Here, plaintiff asserts two grounds for "amendment" of the judgment. First, he makes a statutory interpretation argument

that the broad definition of "partner" in the Code is not meant to include "indirect partners" because the latter term is separately defined. And second, he restates his prior argument—albeit more vehemently—that the general regulation governing partnership tax returns imposes no duty on indirect partners to ensure that their names are listed on the source partnership return.

1. *Statutory Interpretations Principles and the "Unidentified Partner" Provision.*

In his motion to amend the judgment, the plaintiff contests the government's interpretation of the statutory definition of the term partner. *See* discussion *supra* regarding 26 U.S.C. § 6231(a)(2). The government asserted this argument in its initial memorandum of points and authorities in support of its motion for judgment on the pleadings. At that time, the plaintiff did not counter with the statutory interpretation argument he is currently asserting.

Now the plaintiff argues that the broad definition of "partner" in § 6231(a)(1)(B) was not intended to be incorporated wholesale into § 6229(e) (the unidentified partner provision) because the term "indirect partner" is separately identified in the Code. Plaintiff further states that taking the term partner to include indirect partners would distort many of the TEFRA provisions. Plaintiff asserts that the specific term "indirect partner" should be used every time a separate provision is meant to apply to indirect partners. In addition, for the first time, he cites a regulation under § 6231(a)(1)(B) which defines spouses of partners as those whose tax liability is affected indirectly by partnership taxes. *See* Temp.Treas.Reg. § 301.6231(a)(2)–1T.

The plaintiff's new statutory construction argument (along with the newly cited regulation) provides a viable counterargument to the government's interpretation of that provision. However, this new argument is not sufficient to support reversal of the initial judgment in light of the regulations which are controlling in this case.

The existing regulations under § 6229(e) (the unidentified partner provision) require the Court to sustain its initial decision. Those regulations support the interpretation accepted by the Court in the context of the initial motion: that for statute of limitations purposes, the limitations period will be tolled where indirect partners do not furnish their names to the IRS in the prescribed manner. *See* Temp.Treas.Reg. § 301.6229(e)–1T; Temp.Treas.Reg. § 301.6223(c)–1T (incorporated by reference into § 301.6229(e)).

Therefore, although the definitional language in one section of the statute supplies an argument against application of the unidentified partner provision to indirect partners, the regulations corresponding to that provision indicate that the Service expects indirect partners to take affirmative steps to ensure that the IRS connects them with the source partnership return. Where they take such steps, the statute of limitations period begins to run. Where they do not, the statute may be tolled until their identity as tax liable parties is discovered.

2. *General Regulations Governing Partnership Reporting.*

Regarding the pre-TEFRA regulation plaintiff cited in support of the same argument in opposition to the government's February 25th motion, the plaintiff now admits that this is a non-TEFRA regulation. But he states that he has cited it anyway because it is the regulation which currently governs partnership reporting absent newer regulations requiring indirect partners to be identified on the source partnership return.

This argument does not resolve the problem in this case. Even though there is no replacement regulation under TEFRA requiring indirect partners to be listed on the source return, there *are* TEFRA regulations under § 6229(e), the unidentified partner provision. These regulations indicate that an indirect partner should take more initiative than did plaintiff Costello to furnish his name to the IRS in connection with the source partnership if he wants the statute of limitations to run against him.

Accordingly, the Plaintiff's motion to amend the judgment is denied.