**Janet KOELLING, Plaintiff,**

v.

**Harlon LIVESAY, Sergeant and the Sheriff Department, County of Washington, State of Illinois, Defendants.**

**No. 04–CV–00375–MJR.**

United States District Court,
S.D. Illinois.

July 27, 2006.

Susan M. Settle, Caseyville, IL, for Plaintiff.

James C. Cook, J. Kenneth Graham, III, Walker & Williams, Belleville, IL, for Defendants.

### MEMORANDUM and ORDER

REAGAN, District Judge.

This matter is before the Court on the Motion under Rule 60(b) for Relief from Judgment or Order brought by Plaintiff Janet Koelling (Doc. 25). For the following reasons the motion is **DENIED**.

## INTRODUCTION

The procedural history of this case and the events leading to the judgment as to which Koelling seeks relief have been recounted in prior orders entered in this case, *see* Doc. 11; Doc. 17; Doc. 23, and they do not require extensive recitation here. Koelling's complaint in this case alleges that she was sexually assaulted by Defendant Sergeant Harlon Livesay, an employee of Defendant Washington County Sheriff's Department, and was illegally detained for a mental examination. *See* Doc. 2.[1] Although Koelling agreed to a request by counsel for Livesay and the Washington County Sheriff's Department to submit to a mental examination by a psychologist, she failed to appear for the first scheduled examination, then appeared for a second scheduled examination but refused to cooperate with the examining psychologist, on the advice of her attorney, Susan Settle. *See* Doc. 9 & Ex. 1–5.

On November 29, 2004, counsel for Livesay and the Washington County Sheriff's Department moved pursuant to Rule 35 of the Federal Rules of Civil Procedure for an order of the Court requiring Koelling to submit to a mental examination. *See* Doc. 9; Doc. 10. The motion, which was unopposed, was granted on December 16, 2004, *see* Doc. 11, whereupon the parties scheduled a mental examination of Koelling to be conducted by psychologist Daniel Cuneo on January 3 and 5, 2005. *See* Doc. 14 at 3–4. On December 17, 2004, Koelling's counsel informed defense counsel that her client would not appear for the scheduled examination, whereupon defense counsel moved for dismissal of Koelling's claims under Rule 37(b)(2) of the Federal Rules of Civil Procedure. *See* Doc. 17 at 3. Koelling's claims were dismissed with prejudice and judgment was duly entered on

January 28, 2005. *See* Doc. 17; Doc. 18. A motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure brought by Koelling's counsel was denied on February 24, 2005. *See* Doc. 23. Koelling, apparently appearing pro se, now has requested that the Court vacate the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.[2]

## DISCUSSION

Although reconsideration of interlocutory orders is a matter of a district court's inherent power, *see A. Hollow Metal Warehouse, Inc. v. U.S. Fidelity & Guar. Co.,* 700 F.Supp. 410, 411–12 (N.D.Ill.1988), Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure expressly provide for reconsideration of final orders. *See Akzo Coatings, Inc. v. Aigner Corp.,* 909 F.Supp. 1154, 1160 (N.D.Ind.1995). *See also* Fed.R.Civ.P. 60 advisory committee's note (noting that under the rule, which authorizes a court to "relieve a party or a party's legal representative from a *final* judgment, order, or proceeding," the term "final ... emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.") (emphasis added).[3] Under Rule 60 a district court may grant relief from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

---

1. The complaint, which was filed originally in the Circuit Court of the Twentieth Judicial Circuit, Washington County, Illinois, asserted claims under both 42 U.S.C. § 1983 and Illinois law, and was timely removed to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

2. The Court notes that Koelling's attorney has not moved for leave to withdraw from this case and therefore remains counsel of record. *See* S.D. Ill. Local R. 83.1(g).

3. A "final" order is of course one that resolves a case on its merits, leaving a court nothing further

to do but to enter judgment. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *United States v. Ettrick Wood Prods., Inc.,* 916 F.2d 1211, 1216 (7th Cir.1990). In this case, the Court's order entered January 28, 2005, which dismissed all of Koelling's claims with prejudice and as to which judgment was entered the same day, is of course final within the meaning of Rule 60. *See Holcomb v. Allis–Chalmers Corp.,* 774 F.2d 398, 400 (10th Cir.1985); *Familias Unidas v. Briscoe,* 544 F.2d 182, 191 (5th Cir.1976).

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). *See also Tobel v. City of Hammond,* 94 F.3d 360, 361 (7th Cir.1996) ("Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court may grant relief from judgment by motion for a number of reasons, including the following: mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment.").

■ The chief difference between a motion for reconsideration brought under Rule 59(e) and a motion for reconsideration brought under Rule 60 is that the former, if filed no later than ten days from the date of entry of a judgment as to which reconsideration is sought, tolls the time to file a notice of appeal, so that the period for filing a notice of appeal runs anew from such date as the Rule 59 motion may be denied. *See* Fed. R.App. P. 4(a)(4)(A)(iv); *United States v. Deutsch,* 981 F.2d 299, 302 n. 4 (7th Cir. 1992); *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 848 (7th Cir.1981); *Hammond v. Public Fin. Corp.,* 568 F.2d 1362, 1364 (5th Cir.1978). By contrast, a Rule 60 motion, that is, any request for reconsideration of a judgment filed later than ten days from the date of entry of the judgment, *see United States v. 47 W. 644 Route 38, Maple Park,*

*Ill.,* 190 F.3d 781, 783 n. 1 (7th Cir.1999); *Britton v. Swift Transp. Co.,* 127 F.3d 616, 618 (7th Cir.1997); *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994), does not alter the time for filing a notice of appeal. *See Properties Unlimited, Inc. Realtors v. Cendant Mobility Servs.,* 384 F.3d 917, 922 (7th Cir. 2004); *Hall v. Life Ins. Co. of N. Am.,* 317 F.3d 773, 775 (7th Cir.2003); *SEC v. Van Waeyenberghe,* 284 F.3d 812, 814 (7th Cir. 2002); *Simmons v. Ghent,* 970 F.2d 392, 393 (7th Cir.1992).[4]

Turning then to the standard under which a request for relief from a judgment or order may be granted pursuant to Rule 60, whether to grant the relief sought in a Rule 60(b) motion lies within the sound discretion of a district court. *See United States v. Golden Elevator, Inc.,* 27 F.3d 301, 303 (7th Cir. 1994); *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir.1986). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006) (quoting *Karraker v. Rent–A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir.2005)). *See also Camp v. Gregory,* 67 F.3d 1286, 1290 (7th Cir.1995) ("[R]elief under Rule 60(b) is an extraordinary remedy reserved for the exceptional case."). Relief under Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1208 (7th Cir.1984). *See also McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000) (calling a district court's decision as to whether to grant relief under Rule 60(b) "discretion piled on discretion").

---

4. This is why, although a denial of a Rule 60 motion is a final, appealable order, review of such an order is limited to the propriety of a district court's denial of reconsideration, and does not extend to the judgment or order as to which reconsideration was sought. *See Browder v. Director, Dep't of Corr. of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) ("A timely appeal may be taken under Rule 4(a) [of the Federal Rules of Appellate Procedure] from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Civil Rule 60(b) relief does not bring up the

underlying judgment for review."); *Hough v. Local 134, Int'l Bhd. of Elec. Workers,* 867 F.2d 1018, 1021–22 (7th Cir.1989) (appeal from denial of a motion to vacate a summary judgment could not be used as a substitute for a timely appeal from the summary judgment; review was limited to disposition of the motion to vacate). The Court notes that Koelling failed to perfect a timely appeal after the Court's denial of her Rule 59(e) motion seeking reconsideration of the Court's order entered January 28, 2005, dismissing this case, so that presumably any appellate review of the January 28 order is foreclosed.

■ A district court's equitable power to grant relief under Rule 60(b) must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. *See Nautilus Ins. Co. v. Site Recovery Servs., Inc.*, No. 05 C 3813, 2006 WL 1068997, at \*4 (N.D.Ill. Apr. 21, 2006). *See also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2857 (1998 & Supp.2006) (in discussing Rule 60, stating, "The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation.") (footnote omitted) (collecting cases). Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law," *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995), and relief under the rule is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir.1994). Finally, a court may not grant relief pursuant to Rule 60(b)(6), the "catchall" section of the rule providing for vacation of a judgment for "any ... reason justifying relief from the operation of the judgment," where one of the other enumerated grounds for relief set out in Rule 60(b) is applicable. *See Webb v. James*, 147 F.3d 617, 622 (7th Cir.1998); *Industrial Assocs., Inc. v. Goff Corp.*, 787 F.2d 268, 269 (7th Cir.1986); *Ben Sager Chems. Int'l., Inc. v. E. Targosz & Co.*, 560 F.2d 805, 810 n. 3 (7th Cir.1977). With this standard in mind, the Court turns to consideration of Koelling's Rule 60 motion.

■ Koelling's motion does not identify precisely which of the grounds for reconsideration of a judgment or order enumerated in Rule 60(b) she relies upon, but the Court deduces that the basis for the motion is "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Specifically, Koelling asserts that her refusal to appear for a mental examination as directed by the Court in its order entered December 16, 2004, was not deliberate disobedience to the Court and instead was based on the erroneous advice of her attorney. *See* Doc.

25 at 1–2. In general, a request under Rule 60 to vacate a judgment or order based on an attorney's mismanagement of a case is treated as being brought under Rule 60(b)(1). *See, e.g., Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir.1996) (analyzing a request for Rule 60 relief from an order dismissing an action for lack of jurisdiction because the movant's attorney sued under the wrong statutory provision: "We have held time and time again that inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)."); *Ben Sager Chems.*, 560 F.2d at 809 ("Relief from a judgment entered due to error of counsel is generally sought pursuant to Rule 60(b)(1) on the theory that counsel's error constitutes mistake or excusable neglect."). *Cf. Tucker v. Banknorth, NA*, 333 F.Supp.2d 50, 54–55 (E.D.N.Y.2004) (holding that a party's request for Rule 60 relief from an order on the grounds that the party's attorney failed to file an opposition to a motion as to which the order was granted and failed to request an extension of time to oppose the motion "fall[s] within the ambit of Rule 60(b)(1)").

■ In this Circuit, as a general rule, an attorney's intentional or negligent misconduct, including grossly negligent conduct, is not grounds for Rule 60(b) relief. In *United States v. 7108 West Grand Avenue, Chicago, Illinois*, 15 F.3d 632 (7th Cir.1994), the court in ruling on the movants' request for Rule 60(b) relief addressed "the question whether their former attorney's gross negligence in representing their interests entitles them to another opportunity to litigate." *Id.* at 633. The court held bluntly, "The answer is No." *Id.* "Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary." *Id.* In *7108 West Grand Avenue*, a husband and wife who were claimants in a civil forfeiture proceeding owned three parcels of property, purportedly purchased with illegal drug revenue, that were seized by the government. *See* 15 F.3d at 633. The claimants were represented in the forfeiture proceedings, but their attorney failed to file a timely claim for any of the three properties on behalf of the husband, and filed a timely claim for only one of the

properties on behalf of the wife. *See id.* The government filed a motion for a default judgment, which the trial court granted after neither the attorney nor the claimants appeared at the motion hearing. *See id.*

The claimants retained different counsel after the default and filed a motion for relief from the judgment under Rule 60(b). *See 7108 W. Grand Ave.,* 15 F.3d at 633–34. The claimants maintained that their former attorney was grossly negligent in the handling of their case, meriting relief under the rule. *See id.* at 634. On appeal from denial of the claimants' motion, the court rejected the claimants' argument for Rule 60 relief, holding that both the negligent and willful acts of an attorney must be imputed to the attorney's client. "[A]n attorney's errors and misconduct are attributed to his clients. The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds. So much is clear for an attorney's wilful misconduct. It is equally clear for negligent errors." *Id.* (citations omitted). The court held that the same rule applies where Rule 60 relief is sought on the basis of an attorney's grossly negligent conduct:

> [W]hy should the label "gross" make a difference to the underlying principle: that the errors and misconduct of an agent redound to the detriment of the principal (and ultimately, through malpractice litigation, of the agent himself) rather than of the adversary in litigation? We know how to treat both ends of the continuum: negligence and wilful misconduct alike are attributed to the litigant. When the polar cases are treated identically, intermediate cases do not call for differentiation. Holding that negligence and wilful misconduct, but not gross negligence, may be the basis of a default judgment would make hay for standup comics. No lawyer would dream of arguing on behalf of a hospital that, although the hospital is liable in tort for staff physicians' negligence and intentional misconduct, it is not liable for their "gross negligence." The argument makes no more sense when presented on behalf of a lawyer or litigant.

*Id.*

As the law of this Circuit makes clear, whether the conduct of Koelling's counsel in advising her client not to appear for a Court-ordered mental examination is characterized as willful, negligent, or grossly negligent, it is not grounds to vacate the Court's order dismissing this case with prejudice. Instead, Koelling is bound by her attorney's acts. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (dismissal of a claim on the basis of the unexcused conduct of a party's counsel was proper, because a litigant is bound by the acts of its freely-chosen agent); *United States v. 8136 S. Dobson St., Chicago, Ill.,* 125 F.3d 1076, 1084 (7th Cir.1997) (citing *7108 W. Grand Ave.,* 15 F.3d at 634–35) ("[A]n attorney's negligence, gross negligence, or even intentional misconduct still [binds] his client and [is] not grounds for Rule 60(b) relief."); *Lumbermen's Inv. Corp. v. Provo,* 748 F.Supp. 635, 636–37 (N.D.Ill.1990) (the alleged failure of a landowner's attorney to protect her interests and prevent a default judgment allowing foreclosure did not justify vacating the default judgment under Rule 60(b); rather, the landowner was bound by her lawyer's acts). *See also Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir.1972) ("Neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for Rule 60(b) relief" from a judgment on the basis of inadvertent error); *Hulson v. Atchison, Topeka & Santa Fe Ry. Co.,* 289 F.2d 726, 730 (7th Cir.1961) (ignorance of the Federal Rules of Civil Procedure resulting in an agreement for an extension of time to file a motion for a new trial that is not authorized by the rules was not grounds for relief under Rule 60(b)(1) permitting relief in cases of mistake, inadvertence, and excusable neglect).

Some courts have expressed concern about the potential inequity of holding litigants responsible for the misconduct of their attorneys. *See, e.g., Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 195 (6th Cir.1986) (vacating a default judgment caused by attorney mismanagement of a case and stating that "[a] default judgment deprives the client of his day in court, and should not be used ... for disciplining attorneys .... [W]e do not believe that this record exhibits circumstances in which a client should suffer the ultimate sanction of losing

his case without any consideration of the merits."). In this case, however, the Court sees no unfairness in holding that Koelling is bound by the acts of her counsel. Most of Koelling's Rule 60(b) motion is substantially identical to the arguments raised by Koelling's attorney in opposition to the dismissal of this case. *See* Doc. 19. Like her attorney, Koelling argues that she should never have been ordered by the Court to undergo a mental examination. Like her attorney, Koelling argues: that a mental examination is unnecessary in light of prior such examinations she has undergone; that Koelling's medical records already in the possession of counsel for Livesay and the Washington County Sheriff's Department are adequate to answer any questions defense counsel may have about her mental condition; that Daniel Cuneo, the psychologist agreed upon by the parties to perform the Court-ordered mental examination of Koelling, is biased against Koelling; and that counsel for Livesay and the Washington County Sheriff's Department have violated Koelling's privacy in the past by procuring confidential medical information about her, and cannot be trusted to maintain the confidentiality of further such information they might obtain.

In *7108 West Grand Avenue,* the court explained the policy underlying the rule that a litigant is bound by the acts of his or her attorney. "Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good— the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either." 15 F.3d at 634 (quoting *Tolliver v. Northrop Corp.,* 786 F.2d 316, 319 (7th Cir.1986)). In the Court's view, a grant of Rule 60(b) relief in this instance would reward Koelling and her counsel for their willful refusal to cooperate in discovery during the pendency of this case and would encourage further such misconduct after reinstatement of the case. Koelling's Rule 60(b) motion not only fails to present grounds for vacating the Court's order dismissing this case but actually underscores the correctness of that order. It is apparent from Koelling's motion that she,

like her attorney, believes that the Court should never have ordered her to submit to a mental examination. The record in this case, including the post-judgment submissions of Koelling and her attorney, shows that they engaged for as long as they could in a deliberate and wrongheaded effort to avoid producing Koelling for a mental examination, the necessity and appropriateness of which is amply documented in the record, with the ultimate result that this case was dismissed. The Court in its discretion will deny Koelling's request for Rule 60(b) relief.

### CONCLUSION

For the foregoing reasons, Plaintiff Janet Koelling's Motion under Rule 60(b) for Relief from Judgment or Order (Doc. 25) is **DENIED.**

**IT IS SO ORDERED.**